ROBERT W. OLIVER & CO., PLAINTIFFS IN ERROR, v. L. P. HAWLEY, DEFENDANT IN ERROR.

1. **Contract:** ALTERATION OF.   An alteration is an act done upon an instrument by which its meaning or language is changed.

2. ———: ———.   It is the duty of the court to determine as a question of law whether an alteration is material; and it is error to submit such questions to the jury.

3. ———: SEED CONTRACT: DAMAGES.   Where a party has knowledge of the inferior character of seed before he sows the same, the party furnishing the seed is not liable for damages resulting to either the crop or land in consequence of the *use* of such inferior seed.

ERROR from the district court of Adams county. Tried below before GASLIN, J.   The action was brought upon the written instrument, set forth in the opinion, before a justice of the peace, taken on appeal to the district court and tried before a jury at the April Term, 1876.   Defendant there recovered judgment for $45.00, damages and costs of suit.   Upon the trial, after evidence on the part of plaintiffs tending to show that defendant had delivered to plaintiffs fifty-two bushels and forty-one pounds of flax seed, leaving a balance due on the contract of nine bushels and twenty-five pounds, which balance according to the terms of the contract was worth $25.48, the defendant testified that he signed the contract, and received the seed mentioned therein; that the seed was not as good quality as represented;

that it was bought by sample; that it was not as good as the sample; that he did not see the seed bought until he got it home; that he sowed it himself; that there was as much mustard seed in the flax seed, as there was flax seed; that when it came up, it looked like it was all mustard; that the amount of damage done to his crop by reason of mustard and other foul seed was about $100.00, that damage done to his land on account of such foul seed was about $100.00; and that before he sowed it, he saw mustard and other weed seed in it, but did not think there was as much foul seed in it as there appeared to be after it came up.

*Ash & Scofield*, for plaintiffs in error.

The evidence of defendant as to the damage done to his flax crop of 1875 by cause of mustard seed and other foul seed growing therein, was erroneously admitted before defendant had laid any foundation for proving damages. It was incumbent on him to prove as a foundation for damages an express warranty of the quality of said flax seed. The defendant having failed to prove an express warranty the law will not imply one in this case. *Jackson v. Wetherill*, 7 S. & R., 480. *M'Farland v. Newman*, 9 Watts, 56. *Wetherill v. Neilson*, 8 Harris, 448. *Jennings v. Gratz*, 3 Rawle, 169. *Sands v. Taylor*, 3 Johns, 396.

But if this court hold that it was competent for defendant to recover damages to said flax crop by reason of its containing mustard seed and other foul seed, we insist that defendant could not recover such damages until he had proven in addition to the several points above raised the following facts:

1.   That the land on which said flax crop was raised was free from mustard seed and other foul weed seed previous to and at the time said flax seed was sown thereon.

2.   The quantity of the flax raised on the land seeded with said flax seed and the value thereof.

3.   The quantity of flax seed which should have been raised from said flax seed if it had been as warranted and the value of the same.

The proper measure of damages, if allowable at all, would be the difference between the value of the crop raised and what it would have been worth had the flax seed in question filled the warranty.   Nash's Pldgs. and Prac., pages 991 to 998, and cases there cited.

All the injury which resulted to the flax crop in question, and to the land on which the same was raised, by reason of mustard and other foul seed was caused by the negligence of the defendant himself.   The evidence clearly shows that defendant had ample opportunity to examine the seed before he bought it, and that he did examine it before he sowed it on the land, and instead of returning it to the plaintiffs after possessing full knowledge of its quality he deliberately sowed it with his own hand, and if he became damaged in his flax crop and land he cannot recover of the plaintiffs therefor.

The well settled rule which declares that a party who by his own negligence contributes to the injury complained of cannot recover therefor, applies with double force in this case.   *Brownell v. Flagler*, 5 Hill, 283. *Bush v. Brainard*, 1 Cow., 78.   *Welden v. Liverpool Gas Co.*, 3 C. B., 1.   *Gen. Steam Nav. Co. v. Morrison*, 14 C. B., 127.   *Mastin v. G. N. Kadway*, 16 C. B., 179.   *Williams v. Mich. Cen. R. R.*, 2 Mich., 259. *Mich. Cen. R. C. Co. v. Leahey*, 10 Mich., 193.

*M. V. Moudy* and *J. M. Abbott*, for defendant in error.

The acknowledgment in the contract by defendant of the receipt of prime flax seed, is not conclusive upon defend-

ant and may be explained or contradicted by parol testimony.    1 Greenleaf on Ev., Sec. 305.    8 Am. Rep., 539.

The flax seed sold by plaintiffs to defendant was not prime flax seed, and was a matter of fact in the court below, and the evidence introduced, tending to show that a warranty was made, the finding cannot be reviewed in this court.

One measure of damages in such cases is the difference between the market value of the crop raised and the crop that would have been raised had the flax seed been prime, instead of foul.

Defendant, Hawley, having sown the flax seed on his land before discovering the foul condition of the seed, he could not then rescind the contract and return the seed, but had to treat the sale as a warranty, for the breach of which defendant was entitled to recover damages.    The damages awarded by the jury in this case were not remote nor excessive, and the evidence was properly submitted to the jury.  *Walcott v. Mount*, 13 Am. Rep., 438.    *Hawkins v. Pemberton*, 10 Am. Rep., 595.

The flax seed in this case was sold by sample, and implied a warranty that the bulk would conform to the sample.    *Getty v. Rountree*, 2 Pinney (Wis.), 379. 6 Wis., 294.    13 Id., 671.    18 Id., 206.

MAXWELL, J.

I.    The action is brought on the following contract:

"HASTINGS, Adams Co., Neb., March 12, 1875.

"In consideration of fifty 10-56 bushels of prime flax seed this day furnished me by Oliver & Co., of Hastings, Adams county, Nebraska, the receipt of which is hereby acknowledged, to be by me sown on a certain farm by me held as a homestead, situated on section ten, township eight, range ten west, in the county of Adams, state of Nebraska, I promise to pay them, or to their order, on

or before first day of October, 1875, sixty-two 30-56 bushels of prime flax seed.   In case of the failure of the crop to pay them the said sixty-two 30-56 bushels of prime flax seed at said time, I hereby agree to pay them or their order, on demand, the sum of one hundred and thirty 45-100 dollars, with interest at the rate of twelve per cent per annum from the time said seed should have been delivered.   I further agree to sow said advanced seed on suitable and well prepared ground the coming season and to carefully harvest the same, and to sell them or their order my entire crop of flax seed, except fifty bushels, to be by me raised, at ten cents per bushel and freight less Chicago price day of delivery.   All of said seed to be delivered well cleaned, in prime order, on or before the first day of October, 1875, to said Oliver & Co., or their order, at their warehouse at Hastings, Adams county, Nebraska.   This contract to bear interest at the rate of twelve per cent per annum from and after the first day of October, 1875.

"In witness whereof, I have hereunto set my hand and seal the day and year first mentioned.

*In presence of,*          L. P. HAWLEY.   [SEAL]
     B. E. BOYER.

"$5.00 commission to be charged on the fifty bushels reserved."

The plaintiffs claim a balance due on the contract of $25.48 and $5.00 as commission on the fifty bushels reserved.

The answer of the defendant admits making the contract, but alleges that "said plaintiffs have made a material alteration in the written conditions of said written instrument by writing and adding thereto the following condition therein in words and figures as follows, to-wit: '$5 commission to be charged on the fifty bushels reserved;' that the flax seed was foul and unfit for seed, and was

mixed with and was about one-fourth mustard seeds, and other obnoxious weed seeds, to defendant's damage in the sum of $200." Defendant denies that he promised to pay $5.00 commission on the fifty bushels reserved.

The plaintiffs in their reply denied the new matter contained in the answer.

On the trial of the cause the court instructed the jury: "If you find from the evidence in the case that the said contract has been changed in a material respect by the plaintiffs since its execution and delivery, without the knowledge and consent of the defendant, you are warranted in finding for the defendant."

"If you find from the evidence in the case that the change in the contract was made as charged in the answer, in law I charge you that they cannot recover thereon."

To which instructions the plaintiffs duly excepted. The jury returned a verdict for the defendant for the sum of $45, on which judgment was rendered.

In *Palmer & Orton v. Largent, ante,* page 233, this court held that a memorandum written under a negotiable instrument and qualifying it, is to be taken as a part of the contract and the fraudulent removal of such a memorandum would vitiate the instrument, even in the hands of an innocent purchaser. But where the words alleged to have been removed were, "this note is given upon condition," there being nothing to show what the condition was, it did not vitiate the instrument, as they were entirely immaterial; but it is the duty of the court to determine whether such an alteration is material or not, and it is error to submit such question to the jury.

"An alteration is an act done upon the instrument by which its meaning or language is changed. If what is written upon or erased from the instrument has no tendency to produce this result, or to mislead any person, it is not an alteration. The term is, at this day, usually applied to the act of the party entitled under the deed or

instrument, and imports some fraud or improper design on his part to change its effect." 1 Greenleaf Ev., Sec. 566. In this case there is no alteration of the contract. The memorandum complained of is not, and does not purport to be any portion of the contract. It is at most a mere memorandum. It is for the court, not the jury, to determine whether an alteration is material. The court, therefore, erred in submitting this question to the jury.

In *Randall v. Roper*, 96 Eng. Com. Law, 82, the defendant had sold the plaintiff barley, warranting it to be "Chevalier seed barley." The plaintiff, relying upon the warranty, re-sold it with a similar one. The barley proved to be an inferior variety and not "Chevalier barley," in consequence of which plaintiff's vendee obtained a poor crop. It was held that the plaintiff was entitled to recover the amount to which he had become liable to the vendee.

In *Passinger v. Thorburn*, 34 N. Y., 634, the defendant sold cabbage seed under an express warranty that it was the seed of a variety known as "Bristol cabbage," which it proved not to be. The damages were held to be the value of a crop such as should have been produced by the seed if it had conformed to the warranty, deducting the expense of raising the crop and the value of the one in fact raised.

But I think no case can be found in which consequential damages have been recovered where a party, as in this case, had knowledge of the inferior character of the seed before sowing the same; in such case, the party furnishing the seed is not liable for damages resulting to either the crop or the land in consequence of the *use* of such inferior seed.

The judgment of the district court is reversed and the cause remanded for further proceedings.

JUDGMENT REVERSED.