W. H. H. DUNN v. DAVID I. BUSHNELL ET AL.

FILED JANUARY 8, 1902. No. 10,810.

Commissioner's opinion, Department No. 2.

1. **Cumulative Instructions.** It is not error for the trial court to refuse instructions requested when every principle involved in the requested instructions is fairly and fully given by the court on its own motion.

2. **Warranty: SEED: MEASURE OF DAMAGES.** Where seed is purchased on a warranty that it is of a certain kind and quality, and such seed proves to be of an inferior kind and quality, and is planted without the knowledge of its inferior quality, the value of a crop such as should have been produced by the seed if it had conformed to the warranty, deducting the expense of raising the crop and the value of the one in fact raised, is a proper measure of damage for the breach of such warranty.

3. ———: ———: ———. Where seed is purchased on a warranty as to its kind and quality, and the purchaser of such seed discovers that it is of an inferior quality to that warranted, he may retain the seed and recover as damages the difference between the purchase price of the seed as warranted and the market price of the seed which he actually received.

4. **Case Distinguished.** *Oliver v. Hawley.* 5 Nebr., 439. distinguished.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J. *Reversed.*

*Tibbets Bros., Morey & Anderson,* for plaintiff in error.

*Doyle & Berge, contra.*

OLDHAM, C.

The plaintiff in the lower court sued the defendant on a promissory note. The defendant answered, admitting the execution and delivery of the note, and alleging that it was given in part payment of the purchase price of a quantity of hemp-seed purchased from the plaintiff. He alleged that the hemp-seed was warranted by the plaintiff to be first-class hemp-seed, equal in quality to first-class Kentucky hemp-seed, and seed which would, under proper conditions, raise a first-class crop of hemp. He also alleges that he relied solely on the warranty of the plaintiff in the purchase of the seed; that the seed was of an inferior quality; that it was sowed and the crop was cultivated in a good and husbandlike manner, and that, because of the inferior quality of the seed, he raised less than a half crop of hemp from the land sowed with the seed purchased from the plaintiff, and prayed damages on his counter-claim for the difference in the price of the crop raised from the seed sold him by plaintiff, and the price of a crop which would have been raised from seed of the quality which he alleged was warranted to him by the plaintiff. Plaintiff replied to this answer by a general denial. A trial was had to a jury. Plaintiff recovered judgment for his note and interest, and defendant brings error to this court.

Plaintiff in error, who will be herein designated as the defendant, alleges error, in the trial of the cause in the court below in the exclusion of evidence and in the refusing and giving of instructions. An examination of the record leads us to the conclusion that there was no prejudicial error committed by the trial court in the exclusion of evidence, and although some of the instructions requested by the defendant and refused by the court contained correct propositions of law, we do not think that

the trial court erred in their refusal, for the reasons that the principles announced in each one of the refused instructions were fairly and fully embodied in the instructions given by the court on its own motion.

The objection urged against the sixth paragraph of instructions given by the court on its own motion presents a more serious question and one which requires a careful perusal of the evidence and pleadings in determining whether or not it was warranted under the issues in this case. The instruction is as follows: "6. If on the other hand you find and believe from the evidence that the defendant had knowledge of the inferior character of the seed before the same was sown, in event you believe the same was inferior, but notwithstanding such knowledge retained the same and used it for the purpose for which it was purchased, then and in that event he could not recover on his counter-claim in this case, but would be deemed in law to have waived his right to rely upon the representations of the plaintiff, in event you find any were so made, and the plaintiff would be entitled to recover the full amount of the note sued on together with interest from the date thereof." The first question to be determined with reference to this instruction is as to whether it is supported by the evidence offered and the pleadings filed in this case. The next question is as to whether this instruction is a correct abstract declaration of the law as applicable to the issues involved herein.

The evidence offered by the defendant all tended to show that he had no knowledge of the alleged inferior quality of the seed until after the maturity of the crop grown from it, and that he bought it relying solely on the representations of the plaintiff that it was first-class seed in all respects, and equal to first-class Kentucky hemp-seed. All defendant's witnesses that claimed to be experts in the raising of hemp testified that the inferior quality of this hemp-seed could not be detected by an inspection of it, and that there was no way to determine its kind and quality except by the crop produced from it. Plaintiff by its evidence made no effort to show that defendant had any

knowledge of the inferior quality of the seed before he planted it, but, on the contrary, its evidence tended to show that the crop raised from the seed purchased from the plaintiff was equal to the crop raised from Kentucky hemp-seed on adjoining land; and it also tended to show that the seed was of the exact quality and kind as that shown to the defendant at the time he made the purchase, and that the seed was sold to the defendant without any warranty. We are therefore impressed with the conviction that this instruction is unsupported by the testimony offered in this case.

The next question to be determined is as to whether this instruction is correct as an abstract proposition of law. We are impressed with the idea that in giving this instruction the learned trial judge was influenced by the doctrine set forth in the syllabus of the case of *Oliver v. Hawley,* 5 Nebr., 439, but a careful examination of the issues determined in that case leads to the view that it is easily distinguishable in principle from the issues presented in the case at bar. In the case of *Oliver v. Hawley, supra,* the issues arose on a contract for the purchase of flaxseed sold by sample, and no question of warranty was involved in the controversy. The answer contained a counter-claim for damages to the farm and crops on account of the growth of mustard from seed intermixed with the flaxseed. The evidence showed that the defendant knew that the mustard-seed was mixed with the flaxseed at the time he sowed it. In determining the question in this case the court quoted with approval the rule announced in *Passinger v. Thornburn,* 34 N. Y., 634, in which the defendant had sold cabbage-seed under an express warranty that it was a seed of a variety known as "Bristol cabbage," which it proved not to be, and in which the damages were held to be the value of a crop such as should have been produced by the seed if it had conformed to the warranty, deducting the expense of raising the crop and the value of the one in fact raised. The court then says: "But I think that no case can be found in which consequential damages have been recovered where a party, as in this case, had knowl-

edge of the inferior character of the seed before sowing the same; in such case, the party furnishing the seed is not liable for damages resulting to either the crop or the land in consequence of the use of such inferior seed." While we think that the conclusion reached in the case just quoted from was sound and logical and fully supported by the facts then in issue, yet we think the issues in the case at bar, as tendered by the defendant's answer and his evidence, bring it within the rule of *Passinger v. Thornburn, supra;* and as there was no claim for consequential damages to the crop or the land of the defendant in the case at bar on account of noxious seeds, and because there was no evidence tending to show that the defendant had knowledge of the alleged inferior quality of the seed before he planted it, we think that the court erred in attempting to apply the doctrine in the case of *Oliver v. Hawley, supra,* to the case at bar. Even granting that there had been testimony tending to show that the defendant discovered the inferior quality of the seed before planting it, yet, if the seed had been warranted, as defendant claims it was, he would still have had the right to have retained the seed, and to have recovered in damages the difference between the market price of the seed he received and the purchase price of such seed as he alleges was warranted to him.

As this case will have to be tried again we think it will be well to suggest that the eighth paragraph of instructions given by the court on its own motion tenders an issue which is not supported by the pleadings, and that it should not be given on a retrial of this case.

It is therefore recommended that the judgment of the district court be reversed, and that this cause be remanded for further proceedings.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.