HENRY J. BACKES, APPELLANT, V. L. C. COOK, APPELLEE.

FILED FEBRUARY 12, 1915.      No. 17,996.

Sales: WARRANTY: WAIVER. Seed potatoes were sold and delivered under a warranty that they would grow. When the sacks were opened they appeared soft, and the purchaser, though in much doubt as to their fitness for seed, relied upon the warranty, planted, and cultivated them. *Held*, That he did not thereby waive the warranty, and is not precluded from defending an action brought upon the note given for the purchase price, on the ground that there had been a total failure of consideration.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Allen & Dowling* and *Needham & Doten,* for appellant.

*H. C. Vail, contra.*

Letton, J.

This is an action by the payee against the maker of a promissory note for $235. The defense is that the note was given for the purchase price of 100 bushels of seed potatoes, which were warranted to be true to name, of good quality, and valuable for seed; that they were not true to name, but were of mixed varieties and unfit for seed; that they were properly planted and yielded only about 20 bushels to the acre; that good seed potatoes under like circumstances would have yielded about 100 bushels to the acre, all to defendant's damage in the sum of $595: Verdict that plaintiff had no cause of action, and judgment of dismissal. Plaintiff appeals.

The first error assigned is that the court erred in permitting defendant and his witnesses to testify to the condition of potatoes sold to other purchasers and delivered at the same time. In one or two instances objections were made to certain questions along this line, but witness after witness was allowed to testify without objection as to the condition of the potatoes he had bought and received from plaintiff at the time those of defendant were delivered. In view of the fact that no objection was made to the great mass of like testimony, the ruling of the court could not be prejudicial.

It is also assigned that the court erred in admitting evidence of an express warranty because there was no consideration therefor. It is clear that there was an implied warranty, but it is also clear that the potatoes were sold upon an express warranty; Backes himself testifying that he guaranteed the potatoes to be sound and to grow. The purchase price was the consideration for the warranty.

According to defendant's testimony, when he received the potatoes he was in some doubt as to their being fit to plant. Plaintiff insisted that he take them and said that he would guarantee them to grow. When the sacks were opened in order to cut them for planting, defendant discovered that some of the potatoes were rotten and that a large quantity of the others were soft and seemed to be unsuit-

able for seed. He planted about 12 or 14 acres of potatoes altogether, about 7 or 8 acres with the 100 bushels he purchased from plaintiff, and the remainder with seed of another variety which he had grown himself. From the seed purchased the stand of potatoes was very poor, and he raised about 140 bushels, or about 20 bushels to the acre, while the remainder of the field planted with his own seed yielded about 90 bushels to the acre. It is clear that defendant believed that some of the potatoes would not grow, but he was not fully convinced that the remainder of them were unfit for seed, and the positive warranty given him by the plaintiff in all probability turned the scale in his mind and led him to spend the time and labor necessary to plant and cultivate the crop.

Plaintiff requested an instruction to the effect that, if the jury found from the evidence that the potatoes furnished were of poor quality and unfit for planting, and this fact was known to defendant when he planted them, and that he did so without notifying plaintiff of such defects, he thereby waived any breach of warranty. This was refused. The following instruction was given without objection or exception by plaintiff: "The defendant claims that this note was given for 100 bushels of seed potatoes, and that said potatoes were worthless, and for that reason he ought not to pay the note sued on. And, if you believe from a preponderance of the evidence that such is the case, you will find for the defendant. If, on the other hand, you believe from the evidence that the potatoes were good seed potatoes, containing germinating vigor, vitality, and strength, and that the defendant's failure to raise a crop therefrom was due to some other cause or causes than lack of vigor, vitality, and strength in the seed, your verdict should be for the plaintiff." Instruction No. 6, to which plaintiff excepted, is substantially the same. Plaintiff insists that the proper rule is that, if a purchaser accepts goods with knowledge of their defective condition and consumes them by use, he thereby waives any warranty of quality, citing *Hazen v. Wilhelmie,* 68 Neb. 79, and cases following it; and it is said that *Dunn v. Bushnell,* 63 Neb.

568, was overruled by the former case. This does not fol-low. In the *Hazen* case the question of recovery upon a breach of warranty was not involved, and it is apparent that the purchaser accepted the trees and planted them knowing definitely at the time that they were not in ac-cordance with his contract of purchase. The principle was the same as if it had been an ordinary contract of sale of merchandise and not a sale and delivery of seeds, plants or trees warranted to grow. The cases are distinguishable. In *Dunn v. Bushnell, supra,* one question only was really involved, and the decision in that case is not overruled. In *Grisinger v. Hubbard,* 21 Idaho, 469, it is said: "Where fruit trees are received under an implied warranty as to their condition and likelihood to grow, and the purchaser cannot definitely determine whether they are in such con-dition at the time of delivery, the purchaser has the right to receive them and ascertain whether they are in a good or bad condition or will grow if given proper care, and by so receiving such trees the purchaser is not precluded from recovering upon such warranty." See, also, note to that case in Ann. Cas. 1913E, p. 87. There is an interest-ing note to the case of *Leonard Seed Co. v. Crary Canning Co.,* 147 Wis. 166, in 37 L. R. A. n. s. 79, upon the liability of a vender of seeds. *Frith & Co. v. Hollan,* 133 Ala. 583, 91 Am. St. Rep. 54. A reference to these cases and notes shows that the doctrine of *Dunn v. Bushnell, supra,* is sup-ported by authority. Defendant might have refused to receive the potatoes, but he also had the right to retain and plant them, and, if they proved to be worthless, to assert that fact as a defense against an action for the pur-chase price.

Plaintiff claims that whatever may be held to be the rule of damages there was not an entire failure of considera-tion and there should have been a verdict in his favor pro tanto; but it seems to us that the fact that, after prepar-ing the ground, planting, cultivating and harvesting the crop from 7 or 8 acres, the plaintiff only received 40 bush-els of potatoes more than the seed planted evidences an entire failure of consideration. No man with any common

sense or judgment would prepare, plant and cultivate that amount of ground for such a meager return.

We find no prejudicial error in the record.

AFFIRMED.

MORRISSEY, C. J., not sitting.