(No. 5171.    February 3, 1928.)

## GRAND VIEW STATE BANK, a Corporation, Respondent, v. J. L. THAMS, Appellant.

[263 Pac. 1000.]

APPEAL AND ERROR—COURT RULES—FILING OF TRANSCRIPT—DISMISSAL.

1. Supreme court rule 23 requires that completed reporter's transcript, copies of which had not been delivered or served on respondent's counsel, under C. S., secs. 6882, 6886, when praecipe was filed with district court's clerk under sec. 7166, must be filed with clerk of supreme court within 60 days after clerk of district court delivers copies thereof to counsel for appellant.

2. Under supreme court rule 26, appeal by party not filing reporter's transcript, delivered to appellant's counsel on or before October 8, 1927, with clerk of supreme court by December 7, 1927,

as required by rule 23, will be dismissed, in absence of showing of valid excuse for delay or failure to obtain extension of time, under rule 25.

3. Affidavits that appellant's counsel remitted district court clerk's fees on Saturday, December 10th, and requested him to file reporter's transcript with supreme court clerk immediately, but that it was not filed until December 19th, and that he could not get into communication with client until on or about December 10th, because of latter's residence in remote, sparsely settled section, *held* not to show valid excuse for failure to file transcript within 60 days after delivery of copies to affiant on or before October 8th, as required by supreme court rule 23, or to obtain extension of time under rule 25.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Clinton H. Hartson, Judge.

Motion to dismiss appeal. *Granted.*

P. E. Cavaney, for Appellant.

William Healy, for Respondent.

Counsel file no briefs.

VARIAN, Commissioner.—From a decree foreclosing certain chattel mortgages, entered June 30, 1927, defendant appeals. Two appeals were commenced, but we refer only to the last which was perfected. September 21, 1927, appellant filed a praecipe with the clerk of the district court requesting a transcript pursuant to the provisions of C. S., sec. 7166. The reporter certified to his transcript on September 23d, and on October 8th counsel stipulated that "the above and foregoing reporter's transcript may be served in Boise, Ada County, Idaho, by the official Court Reporter in lieu of the same being served" by the clerk

Publisher's Note.

See Appeal and Error, 4 C. J., sec. 2195, p. 463, n. 33; sec. 2206, p. 470, n. 7; sec. 2212, p. 478, n. 54.

of the district court.  On October 10th, the reporter's transcript was settled, pursuant to stipulation of counsel of that date, and filed with the clerk of the district court on October 11th.  On November 9, 1927, said clerk certified to the completed transcript and filed the same with the clerk of the supreme court on December 19, 1927.

Respondent moved to dismiss the appeal because "the transcript of the record on said appeal was not served on the respondent or filed within sixty days from the delivery of the reporter's transcript and settlement thereof, or within sixty days from the date of filing with the clerk of the trial court a praecipe under C. S., sec. 7166."

[1]  Rule 23 of this court provides that where the reporter's transcript has been served upon respondent's counsel at the time of the filing of the praecipe with the clerk under C. S., sec. 7166, the transcript of record must be filed with the clerk within sixty days from filing such praecipe.  But where (as here) the reporter's transcript is to be included in the record, and copies thereof have not been delivered or served under C. S., secs. 6882 and 6886, at the time the praecipe is filed with the clerk under C. S., sec. 7166, said transcript must be filed with the clerk of this court within sixty days from delivery of copies of the reporter's transcript.  C. S., sec. 6882, refers to bills of exceptions, and has no application in the instant case. C. S., sec. 6886, provides that the original and copies (four) of the reporter's transcript shall be lodged by the reporter with the clerk of the district court, who shall mark the original and two copies as lodged on the date of said receipt, and deliver the remaining copies to the party procuring the same, who must serve one copy within five days, with a notice specifying any errors or omissions in the reporter's transcript, upon the adverse party or his attorney.

Obviously, rule 23 requires the completed transcript to be filed with the clerk of the supreme court within sixty days after the clerk of the district court delivers copies of the reporter's transcript to counsel for appellant applying for the same.

[2]   The date the reporter's transcript was delivered to appellant's counsel does not appear from the record here. In an affidavit filed by appellant, his counsel states that it was delivered to counsel for respondent "on or about October 8, 1927." It is fair to assume that the reporter's transcript was therefore "delivered" to counsel for appellant at, or prior to, that date. If it was delivered on October 8th, the completed transcript should have been filed on December 7, 1927, with the clerk of this court. If we take October 10th, the date the reporter's transcript was settled, as the date of delivery, the completed transcript should have been filed December 9, 1927, and if we take October 11th, the date the settled reporter's transcript was filed with the clerk of the trial court, as its date of delivery, then the completed transcript should have been filed herein by December 10, 1927.

Rule 25 provides that upon good cause shown, an extension of time to file the (completed) transcript may be granted. No application was made for an extension of time by appellant or his counsel.

Rule 26 provides that if the transcript of record is not filed within the time prescribed by rules 23 and 25, appellant or his attorney being responsible therefor, the appeal may be dismissed. The appeal "may be retained if appellant shall excuse such delay, or, in the absence of such excuse, the appeal may be retained upon terms imposed by the court."

[3]   Appellant's counsel, in his affidavit, sets forth the various steps taken, and alleges that on December 10, 1927, he remitted the amount requested to the clerk of the district court at Silver City for his services, and requested said clerk to immediately file said transcript with the clerk of the supreme court; that said transcript was not filed until December 19, 1927; that it usually requires one day for the mail from Silver City to reach Boise; that said transcript should have been filed on December 11, 1927, had the clerk acted promptly; that he called the clerk on or about December 13th by telephone, and was advised by

him that the transcript had been completed and would be sent the next day to Boise; that it was not mailed until several days thereafter. Counsel's affidavit further states that appellant lives in a remote and sparsely settled section, and that counsel had experienced great difficulty in getting into communication with his client, and did not succeed in doing so until on or about December 10, 1927. This affidavit is supplemented by one made by appellant. Both of these affidavits are indefinite as to the dates letters were sent, do not explain the necessity for communication between appellant and his counsel, and are silent as to why the completed transcript was permitted to lie in the clerk's office in Silver City from November 9th until December 10, 1927, before remitting for the clerk's fees. It is apparent to the initiated that the reason the clerk held the completed transcript was that he waited for payment of his fees, and it is shown that they were not remitted until Saturday, December 10th, and could not have been received by the clerk before Monday, December 12, 1927, the next business day. Knowing this, and knowing that there is no mail service to Silver City from Boise on Sundays, counsel asserts that the clerk should have and could have filed the completed transcript in this court on Sunday, December 11, 1927.

We are of the opinion that the time in which to file the completed transcript with the clerk of the supreme court expired on December 7, 1927, in the absence of any extension under rule 25; that appellant has failed to show any valid excuse for his failure to file said transcript in time, or to obtain an extension of time under rule 25.

We recommend that the appeal be dismissed.

Ensign, C., concurs.

The foregoing is approved as the opinion of the court, and the motion to dismiss the appeal is granted.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.