(No. 5388.   July 25, 1930.)

G. TOMITA, Appellant, v. C. F. JOHNSON, Respondent.

[290 Pac. 395.]

Turner K. Hackman, for Appellant, cites no authorities on points decided.

James R. Bothwell and W. Orr Chapman, for Respondent.

McNAUGHTON, J.—We have here an appeal from a judgment upon three causes of action entered October 13,

1928; an appeal from an order denying a new trial, dated November 26, 1928; and an appeal from a decree and judgment on a fourth cause of action entered March 23, 1929.

A motion has been made to dismiss the appeals from the judgment of October 13th, and the order of November 26th, on the ground that an application for an order of the district judge directing the reporter to prepare reporter's transcript was not made within five days after perfecting the appeals; also that no transcript of the record showing the date of the filing of the notice and undertaking on appeal was served on respondent and filed within sixty days after the appeals were perfected as required by rules 16, 23 and 25 of this court, and C. S., secs. 6886 and 7166. The motion is pursuant to rules 16 and 26 of this court. The application for an order for reporter's transcript for these appeals was not made until March 25th, 1929. No extension of time was asked or procured. Upon this motion being made, appellant asks that the delay be excused on the ground that appellant did not earlier procure the order because of inability to procure the money with which to pay for such transcript.

This does not excuse the failure to make the application. It is thought the rule cannot affect its purpose of avoiding delays if it may be brushed aside when convenient. Under the authority of *Walton v. Clark,* 40 Ida. 86, 231 Pac. 713, and *Grand View State Bank v. Thams,* 45 Ida. 566, 263 Pac. 1000, the appeal from the judgment of October 13th, and the appeal from the order refusing a new trial, dated November 26th, are dismissed.

However, for a better understanding of the questions arising on the appeal from the judgment entered March 23d, we have examined the entire record and find no error. In this behalf it may be said: From the evidence offered by the plaintiff at the trial it appears the difficulty and dispute which was litigated in the first and main cause

of action grew out of defective seed potatoes sold by respondent and planted by appellant.

The record discloses that the respondent was the owner of the land on which appellant as tenant planted the seed potatoes in question. The rental was one-half the crop. Under the terms of the lease seed planted was subject to the landlord's approval. The landlord, who is respondent, furnished half and recommended and sold to appellant the other half of the seed potatoes in question. A poor crop resulted as a consequence of planting this seed.

The substantive law applicable is the law of warranty. The evidence discloses that appellant was an experienced potato grower, having had seventeen years' experience; that he knew at sight that the Rurals involved were not true to name as represented. He knew that part of the seed had spoiled, and when he cut into them preparatory to planting he knew most of the balance were diseased. That he was in nowise misled at the time of planting by any representation theretofore made by respondent is an outstanding fact established by appellant's direct testimony. Under these facts he cannot recover crop damage resulting from planting the diseased seed in question.

True, where one desiring seed makes known to a dealer his needs for planting, and a selection of seed is made upon recommendation by the seller, there arises an implied warranty that the seed is suitable for the purposes intended. (*Wapato Fruit & Cold Storage Co. v. Denham,* 126 Wash. 676, 219 Pac. 30.) But right of action in damages for breach of such warranty accrues at the time it is ascertained by the purchaser that the seed is not as represented. Such damages cannot be enhanced by acts of the purchaser subsequent to ascertaining the seed is not as represented. If the grower plants such seed with full knowledge of the actual kind, condition and quality, the planting with such knowledge constitutes an independent act which is an intervening, and the immediate and operat-

ing cause of the resulting damage. The grower, when he plants with such knowledge, cannot recover for crop failure. His measure of damages would be the difference in value between the seed received and the kind represented. (*Dunn v. Bushnell,* 63 Neb. 568, 93 Am. St. 474, 88 N. W. 693; *Wavra v. Karr,* 142 Minn. 248, 172 N. W. 118.)

Appellant cites *Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853, with a good deal of reliance. We are in accord with the decision in that case. The turning point distinguishing that case from this is expressed in the Hubbard case as follows: ''That at the time the trees were received it could not be ascertained from their condition whether the trees, under proper treatment and care would grow or not, and for that reason they were planted . . . . There is no conflict in the evidence as to the foregoing facts.''

In the Hubbard case, as to measure of damages, the court expressly followed *Shearer v. Park Nursery Co.,* 103 Cal. 415, 42 Am. St. 425, 37 Pac. 412, wherein it is held that damages recoverable for breach of such warranty are those accruing at the time when the breach is discovered, or with ordinary care and attention might be discovered by the purchaser.

In the first and main cause of action appellant offered no proof of damages excepting failure of crop, resulting from planting defective seed, known to him at the time of planting to be defective. Giving the evidence the most favorable construction possible, it was not in point of law sufficient to sustain a judgment. We think the court properly granted the nonsuit.

The assignments are mainly as to procedure. We have examined them carefully, and the authorities cited as sustaining them. They disclose no error.

The assignment relied upon in the appeal from the judgment entered on the fourth cause of action is that the court erred in not granting appellant's demand for submission of the issues of fact to a jury, and that such denial was in violation of a constitutional right. It is claimed that

art. 5, sec. 1, of our Constitution was adopted from North Carolina, with a construction upon it guaranteeing right of jury trial of a fact at issue in equitable as well as law actions. With due regard for the force of this argument, this court has notwithstanding it when heretofore presented, abided by the decision to the contrary in *Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211. (*Johnson v. Nüchels,* 48 Ida. 654, 284 Pac. 840.) In this jurisdiction it is firmly established that all issues of fact in equity suits are triable by the court and that such procedure is not in violation of the state Constitution. A jury may be called to assist the court in an equity suit, but its verdict is only advisory. (*Johnson v. Nüchels, supra.*)

The findings of the trial court are sustained by the evidence. Finding no error, the judgment of March 23, 1929, is affirmed, with costs to respondent.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.