(No. 5549.   November 12, 1930.)

FIVE POINT GARAGE, a Corporation, Appellant, v. DOWD PURDUM and JERRY PURDUM, Respondents.

[293 Pac. 319.]

Ross B. Haddock, for Respondents.

S. T. Hamilton and Turner K. Hackman, for Appellant, file no brief.

GIVENS, C. J.—Respondent has filed a motion to dismiss this appeal on the ground that service of the clerk's transcript was not made on him or his attorney within the time prescribed by C. S., sec. 7166, and Rule 23 of this court, namely, 60 days from the date of delivery of the reporter's transcript.

The record shows that the praecipe was filed in the clerk's office on January 9th and the reporter's transcript on January 13th. The reporter's transcript was served on the attorney for the respondent on January 16th. The completed transcript certified by the clerk was filed in this court within the required time. The sole question to be determined, therefore, is the effect of the failure to serve a copy of the clerk's transcript on the adverse party or his attorney within the time required by Rule 23, it affirmatively appearing that a copy of such transcript was, in fact, served on the respondent over one month late.

Counsel for respondent relies on previous holdings of this court that failure to make service required by C. S., sec. 7166, divests us of jurisdiction to consider on appeal the record or that portion of it involved in the failure of service. (*Strand v. Crooked River Min. Co.,* 23 Ida. 577, 131 Pac. 5; *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728; *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12; *Columbia Trust Co. v. Balding,* 34 Ida. 579, 205 Pac. 264; *Boise-Payette Lumber Co. v. McCarthy,* 31 Ida. 305, 170 Pac. 920; *Tomita v. Johnson,* 49 Ida. 643, 290 Pac. 395.)

An examination of the cited cases discloses that with one exception all were decided prior to the adoption of the present rule governing dismissal of appeals. Rule 29, in force from August 8, 1915, to August 25, 1926, provides in effect that appeals may be dismissed for failure to file the transcript within the required time. Rule 26, in effect at the time the appeal in question was taken, which took the place of Rule 29, is as follows:

"If the transcript of the record is not filed within the time prescribed by Rules 23 and 25, appellant or his attor-

ney being responsible therefor, the appeal may be dismissed. Provided, however, that the appeal may be retained if appellant shall excuse such delay, *or in the absence of such excuse, the appeal may be retained upon terms imposed by the court. . . . .* "

The rule now in effect increases our discretionary power with reference to the dismissal of appeals. In the present case, the reporter's transcript was served and the completed transcript filed within the prescribed time. The clerk's transcript, through an oversight, was served about one month late. Respondent has shown no prejudice as a result of this delay. We believe that it would be reasonable and fair to retain the appeal. (*Nielson v. Board of Commissioners*, 40 Ida. 481, 234 Pac. 686.)

The case of *Tomita v. Johnson*, 49 Ida. 643, 290 Pac. 395, recently decided, cited by respondent, is not controlling. There the perfection of the appeal was delayed by appellant for four months and appellant was further delinquent in his failure to file and serve the transcript within 60 days after the perfection of the appeal. In the present case the appeal was perfected and the transcript filed with due dispatch.

The motion to dismiss the appeal is denied.

Budge, Lee, Varian and McNaughton, JJ., concur.