(No. 5618.  April 21, 1931.)

THE INVESTORS' MORTGAGE SECURITY COMPANY, a Corporation, Appellant, v. STRAUSS & COMPANY, INC., a Corporation, Respondent.

[298 Pac. 678.]

P. B. Carter, for Appellant.

Jones, Pomeroy & Jones, for Respondent.

McNAUGHTON, J.—This is an action in damages for breach of warranty in the sale of seed wheat. It is shown that 12,500 pounds of wheat were purchased by plaintiff from defendant for spring seeding; that 3,495 pounds of the wheat delivered was of the variety known as Blue Stem wheat, and that 9,005 pounds was of the variety known as Gold Coin; that Gold Coin is a type of winter wheat suitable only for fall planting; that Blue Stem wheat and Gold Coin wheat, though of entirely different variety, are both white wheats and very similar in appearance. It is claimed by the plaintiff that Blue Stem seed wheat was sought and contracted for but Gold Coin wheat was delivered, and that in reliance upon the representations of the seller that the wheat offered was Blue Stem wheat it seeded the Gold Coin seed upon land set apart and prepared for spring wheat, and that as a result of the discrepancy between the seed bargained for and that delivered and sowed upon the land the season's crop was lost; that the Gold Coin seed being of a winter variety sown in the spring of the year did not and could not be expected to mature a crop.

The complaint sets forth an express warranty on the part of the seller that the wheat sold was Blue Stem seed wheat, breach of which is alleged. In the same cause of action setting forth the express warranty the following further allegation is contained: "That the plaintiff notified defendant at the time of the said purchase that it wanted Blue Stem Spring Wheat for planting that Spring; that the defendant so knowing plaintiff's wants, needs, purposes did not sell it the seed contracted for, but sold it a variety of winter seed."

The verdict was for the defendant, and plaintiff appeals. Plaintiff specifies error in the court's instructions to the jury, also on the admission of testimony.

The trial court refused an instruction proffered by plaintiff upon the doctrine of implied warranty. Under the instructions given the jury was limited to the issue raised by the allegations of express warranty and the denial thereof. It is thought the express warranty alleged was in no way inconsistent with the implied warranty which obtains under the law of sales in this state.

C. S., sec. 5687, provides:

"Subject to the provisions of this law and of any statute in that behalf, there is no implied warranty or condition as to quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"1. Where the buyer expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not) there is an implied warranty that the goods shall be reasonably fit for such purpose. . . . .

"6. An express warranty or condition does not negative a warranty or condition implied under this law unless inconsistent therewith."

In *Tomita v. Johnson*, 49 Ida. 643, 290 Pac. 395, this court said:

"Where one desiring seed makes known to a dealer his needs for planting, and a selection of seed is made upon

recommendation by the seller, there arises an implied warranty that the seed is suitable for the purposes intended. *Wapato Fruit & Cold Storage Co. v. Denham*, 126 Wash. 676, 219 Pac. 30.''

The respondent, in justification of the trial court's refusal to instruct on implied warranty, states:

"The authorities hold generally that where there is an express warranty none will be implied; or to state the rule in another way, an express warranty excludes an implied warranty on the same or closely related subject."

Of course where there is an express warranty inconsistent with the warranty implied by law the express warranty proved will govern. That was the situation in *Bucy v. Pitts Agricultural Works*, 89 Iowa, 464, 56 N. W. 541, cited by respondent. But that case is not authority against pleading and relying upon both an express and an implied warranty where such warranties are not inconsistent. The court in that opinion says:

"The rule deducible from the authorities is that an implied and an express warranty may exist under the same contract, as when the expressed does not relate to the obligations created by the implied; but when the expressed warranty does provide as to the same obligation, it excludes the implied. In other words, the law will not imply anything as to matters about which the parties have expressly agreed."

In *Gardner v. Winter*, 117 Ky. 382, 78 S. W. 143, 144, 63 L. R. A. 647, in which the supreme court of Kentucky was considering a question similar to that involved here, the court said:

"The first question for decision is the refusal of the trial court to require plaintiff to elect whether he would proceed upon the express or implied warranty relied upon in the first and second paragraphs of the petition. This motion, we think, was properly overruled, as there is nothing inconsistent in the pleas, and we know of no rule of pleading which would estop the plaintiff from relying on both in a suit for damages based upon the same transaction."

■ The answer was a general denial, but the defense in this case as we gather it from the record was, 1st, that the wheat was sold upon a nonwarranty contract waiving any warranty whatever of the wheat for seed purposes; 2d, want of authority in the agent representing the defendant to sell wheat to farmers except upon stipulation against any warranty. We think the pleadings and the theory upon which the case was tried presented an issue as to implied warranty not inconsistent with the express warranty pleaded, and was permissible under subdivision 6 of C. S., sec. 5687. The issue raised by an implied warranty should have been submitted to the jury. There was prejudicial error in the court's refusal to give an instruction on implied warranty.

■ Error is claimed in the allowance of too wide a latitude in the cross-examination of the witness Zaring. The witness was the agent of defendant, and was called only to show that he was the defendant's agent at American Falls. Defendant's defense was in part a claim of certain instructions to this agent limiting his right to sell wheat for seed except on waiver of warranty. Had the witness been called for cross-examination under C. S., sec. 8035, the situation would have been different. However, being called as plaintiff's witness, and having testified he was agent of defendant, we think the court did not abuse its discretion in the cross-examination on limitation of authority.

■ It is claimed the court erred in not permitting plaintiff to prove his second cause of action. The so-called second cause of action was a claim for further special damage resulting from failure to seed the land the second year in the hope the crop planted in the spring of 1925 would yield a crop in the fall of 1926. This venture, we think, was entirely plaintiff's affair. It had full knowledge of conditions. It could speculate or not on recovering a crop from the 1925 planting the following year, but in case of loss it could not hold the defendant for it. (*Tomita v. Johnson, supra.*) We think the court correctly limited the measure of damages to the crop and activities of the year 1925.

■■ Error is charged in ruling on an objection to the following question asked of the witness Dashiell:

"Q. I will ask you if you had given him (*the defendant's agent*) any instructions with reference to the sale of any wheat to farmers prior to April, 1925?

"Mr. Carter. Just a minute, if the Court please. We object as incompetent, irrelevant and immaterial for the reason that any instruction given by Mr. Dashiell to Mr. Zaring would not be binding upon this defendant, and further that unless it can be shown that that information was brought to the plaintiff, then it would not be binding upon this plaintiff, and in addition to that there is evidence in this record that they were accustomed to get slips on which they disclaimed any warranty of the seed, and it is not shown that such slips were obtained from this plaintiff; therefore, we object to Mr. Dashiell testifying as to what his instructions were to Mr. Zaring, as it would not bind this plaintiff.

"The Court. It probably would not be controlling but I think it is a circumstance that should go to the jury to enable them ultimately to determine the fact as to whether or not there was or was not a warranty. He may answer."

The evidence solicited by this question would not be proof as to whether the agent did or did not warrant the wheat. The objection should have been sustained. As to scope of the agent's authority, it was incompetent in the absence of a showing or an offer to show the plaintiff had knowledge of this limitation of authority. The rule is general that a third party dealing with an agent is not bound by restrictions or limitations placed upon the agent of which the third party has no notice. (*Bevercombe v. Denney & Co.,* 40 Ida. 34, 231 Pac. 427; *White v. Gordon,* 130 Or. 139, 279 Pac. 289; *Consolidated Flour Mills Co. v. Roberts,* 123 Okl. 101, 252 Pac. 29.)

The judgment is reversed, with instructions that a new trial be granted. Costs to appellant.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.