(No. 5689. July 9, 1931.)

J. PAUL EVANS, Appellant, v. CITY OF AMERICAN FALLS et al., Respondents.

[1 Pac. (2d) 632.]

F. M. Bistline, for Appellant.

Bissell & Bird and A. Humphrey, for Respondents.

GIVENS, J.—Respondent moves to dismiss the appeal herein for various reasons, some of which are similar to, if not identical with, those considered in *Evans v. Humphrey* (filed July 8, 1931), and are controlled by the holdings therein adverse to respondents' contention.

The other grounds are that the reporter's transcript has not been served in time; the clerk's transcript has not been served at all; and no extensions of time have been granted.

Notice of appeal was served and filed December 12, 1930. As in *Evans v. Humphrey, supra,* the reporter's transcript though dated August 16, 1930, should have been postdated, and was not lodged with the clerk of the district court until about January 29, 1931. No showing of failure to order the reporter's transcript is made, as appeared in *Tomita v.*

*Johnson,* 49 Ida. 643, 290 Pac. 395, and the reporter's transcript has been prepared. Thereafter, about February 27, 1931, the clerk saw appellant's attorney about the preparation of the record, but deferred serving the reporter's transcript until the entire clerk's transcript had been prepared.

While respondent contends this nonaction was a concerted effort by the clerk and counsel for appellant to disregard the rules and statutes with regard to the preparation and filing of the clerk's transcript, we do not believe the affidavits on file so show.

After appellant has initiated the steps necessary to procure the record, until the clerk has delivered the transcript to the appellant's attorney, and herein it has not yet been served or delivered by the clerk, the appellant is not charged with the duty of proceeding (Rules 23, 24, 25 and 26, effective August 26, 1926; *Grand View State Bank v. Thams,* 45 Ida. 566, 263 Pac. 1000) ; thus different from the prior rules, and it does not appear that appellant's attorney has designedly caused the clerk to fail to proceed diligently.

The last sentence in Rule 26, *supra,* has to do with delay by others than appellant's attorney. No motion is herein directed against the clerk, so we do not pass upon his culpability, if any, in exceeding the limit allowed by the statutes and the rules, and in not securing proper extensions of time.

Motion to dismiss denied.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.