289 P.2d 932

**R. W. COLEMAN, Plaintiff-Appellant,**

v.

**Ted W. CARTER, Administrator of the Estate of Clyde A. Brainard, Deceased, and Western Powder Co., a corporation, Defendants-Respondents.**

No. 8346.

Supreme Court of Idaho.

Oct. 26, 1955.

As Modified on Denial of Rehearing
Nov. 29, 1955.

Alvin Denman and Alvin L. Denman, Idaho Falls, for appellant.

John Ferebauer, Idaho Falls, for Ted W. Carter.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for Western Powder Co.

SMITH, Justice.

Plaintiff in his second amended complaint, alleges that between July 12 and September 20, 1952, he purchased from Clyde A. Brainard and the defendants certain explosives for use in blasting lava rock from trenches which plaintiff was digging for installation of sewers; that at the time of making such purchases plaintiff informed Brainard and defendants of the intended use of the explosives; that Brainard and defendants thereupon recommended to plaintiff the certain explosives which he purchased, relying on such recommendations.

Plaintiff then alleges that he used the explosives between July 12 and September 20, 1952, blasting rocks in excavation for such sewer purposes with a large, but undeterminable number of failures of the explosives; that plaintiff notified defendants of such failure; that by reason thereof plaintiff had to remove the rock by mechanical means, to his general damage.

Plaintiff sets forth that he filed a claim for damages with defendant administrator who denied it.

Plaintiff prays for general damages.

212

The trial court sustained defendants' general demurrers to plaintiff's complaint, whereupon plaintiff declined to plead further. The trial court entered judgment of dismissal from which plaintiff appeals.

Plaintiff assigns error of the trial court in sustaining the demurrers and in dismissing the action.

Plaintiff asserts that his complaint states a cause of action in implied warranty for general damages under the uniform sales law providing:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment * * *, there is an implied warranty that the goods shall be reasonably fit for such purpose", I.C. § 64–115, subd. 1.

■ We cannot agree with plaintiff's assertion; for here, plaintiff alleges that between July 12 and September 20, 1952, he purchased the explosives and that during such period of time he used the explosives, with a large number of failures thereof. Such alleged conduct on the part of plaintiff, buyer, is inconsistent with his assertion of a breach of warranty.

A breach of warranty may be waived by the buyer by conduct inconsistent with its assertion. Tomita v. Johnson, 49 Idaho 643, 290 P. 395; 77 C.J.S., Sales, § 344, p. 1243; Bridges v. Shapleigh Hardware Co., 186 Ark. 993, 57 S.W.2d 405; United States, for Use and Benefit of Brown-Wales Co. v. Leff, D.C.Mass., 36 F.Supp. 930; Allied Beauty Products Mfg. Co. v. Chemical Borings Co. of America, 331 Ill.App. 112, 72 N.E.2d 451; Myers v. Cole, 200 Ark. 959, 141 S.W.2d 840; Hall v. Hodgdon, 114 Vt. 63, 39 A.2d 195; Bonded Adjustment Co. v. Anderson, 186 Wash. 226, 57 P.2d 1046, 106 A.L.R. 166.

■ Appellant alleges as grounds of his damages, that when the explosives failed to explode "the plaintiff had to remove said rock by mechanical means at great expense to his damage" in an amount set forth. Such allegations do not plead the measure of damages recoverable in an action for breach of warranty of quality or suitability. The statute which is I.C. § 64–507, subd. 7 reads:

"In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

and no special circumstance referred to in the statute, showing recoverable special damage, is set forth in the complaint.

Further, damages allegedly suffered by appellant buyer in consequence of a breach of an implied warranty of the fitness of the

explosives cannot be enhanced by his acts of continued use of the explosives with resultant large but undeterminable number of failures thereof subsequent to his learning of the defective condition of the explosives, if such there was. Tomita v. Johnson, 49 Idaho 643, 290 P. 395.

The judgment of the trial court is affirmed. Costs to respondents.

Petition for rehearing denied.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.