(No. 5690. July 8, 1931.)

J. PAUL EVANS, Appellant, v. A. HUMPHREY, Trustee, et al., Respondents.

[1 Pac. (2d) 626.]

F. M. Bistline, for Appellant.

Bissell & Bird and A. Humphrey, for Respondents.

McNAUGHTON, J.—This is a motion to strike reporter's transcript and dismiss the appeal on the grounds:

1. Application for order for reporter's transcript has not been filed as required by Rule 16 of the supreme court.

2. The reporter's transcript was made and certified August 15, 1930, more than four months prior to any order therefor.

3. The appellant's brief was not served or filed within forty days after the filing of the record on appeal.

As we understand the record, judgment in this case was signed September 13, 1930, and filed September 15, 1930. Notice of appeal was served by mail December 12, 1930, just in time.

The application to the trial judge for an order for reporter's transcript is not in the record, but from affidavit it appears application was made to the judge by letter mailed December 16, 1930. This was within the requirements of Rule 16. The order pursuant to the application is dated December 20, 1930.

The reporter's transcript is dated August 15, 1930, but if antedated, this error is harmless because the transcript was submitted by the reporter upon and subsequent to the judge's order therefor dated December 20, 1930.

An application for extension of time in which to prepare and serve brief was made by appellant June 1st. This was before expiration of his time limit for service, and he was allowed to and including June 15, 1931, in which

to prepare and serve the brief. The original brief contains an affidavit showing service on June 15, 1931. Appellant's briefs were filed in this court June 19, 1931, more than ten days before hearing.

The purpose of the rules is to require diligence on the part of appellant commensurate with respondent's right to a prompt and orderly determination of questions raised against the judgment by the appeal.

We are unable to see wherein the slight irregularities complained of in the motion constitute a breach of any right in appellant under the rules.

Both motions are therefore denied.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.