192 P.2d 853

**GUILES v. KELLAR, Sheriff, et al.**

No. 7387.

Supreme Court of Idaho.

April 23, 1948.

Bandelin & Bandelin, of Sandpoint, and W. F. McNaughton and H. S. Sanderson, both of Coeur d'Alene, for appellant.

Whitla & Knudson, of Couer d'Alene, for respondent Howard Cooper Corp.

HYATT, Justice.

Respondent Howard Cooper Corporation moves to dismiss plaintiff's appeal from final judgment herein, on the following grounds:

(1) Appeal not taken and perfected within statutory time;

(2) Inexcusable delay in preparation and service of transcript on appeal;

(3) Failure to include judgment roll in praecipe and transcript.

Respondent's first ground is without merit, and is not seriously urged. Notice of appeal was filed June 21, 1947, and served June 23, 1947, all within 90 days after entry of the judgment. Section 11-201(1), I.C.A. Deposit of money in lieu

of undertaking under Section 11-202, I.C. A., as amended 1943 Laws, Chap. 21, and Section 11-203, I.C.A., was filed June 21, 1947. Praecipe was filed June 21, 1947. Order for reporter's transcript was signed by the District Judge on the same date, allowing 60 days for preparation thereof, with endorsement of service admitted thereon by the court reporter, presumptively of the date of the order, and filed with the Clerk of the Court July 1, 1947. The appeal was perfected within the time required by statute.

With reference to the second ground of dismissal, in addition to the foregoing matters, it appears that the reporter's transcript was certified by the reporter August 1, 1947, delivered to the Clerk on August 19, 1947, but not delivered by the Clerk to appellant's attorneys until September 12, 1947. Appellant's attorneys in turn served the same on respondent's attorneys September 17, 1947. Nothing further was done until November 10, 1947, when attorneys for both parties stipulated that the reporter's transcript be settled without further notice. On December 2, 1947, the District Judge signed and filed the Order settling the reporter's transcript. The Clerk of the District Court certified the transcript on appeal on February 11, 1948, and filed the same with this Court February 16, 1948. There is nothing before us to show when the Clerk delivered two completed copies of said transcript to appellant's attorneys as required by Subdivision 3, Section 11-215, I.C.A., but there is a presumptive delivery as of the time of filing in this court. Appellant's attorneys served the transcript on appeal upon respondent's attorneys on March 18, 1948. This delay is not explained. Chapter 89, 1943 Laws provides:

"11-221A.—Appeals—Validity of. Failure of the appellant to take any of the further steps required by law to secure a review of the judgment appealed from or appealable order after filing the notice of appeal, the undertaking required by Section 11-203, Idaho Code Annotated, the filing of the order for a reporter's transcript as provided by Section 7-509, Idaho Code Annotated, and filing with the clerk a praecipe for a transcript of the papers desired and the payment to the clerk of the specified fee therefor, as provided by Section 11-215, Idaho Code Annotated, shall not affect the validity of the appeal, but shall be ground only for such action as the Supreme Court may deem appropriate, which may include either dismissal of the appeal or disciplinary action against the offending attorney or both.".

In view of the foregoing statute, the validity of this appeal cannot be affected, but this court is empowered thereby to take such action as it shall deem appropriate under its rules.

Delay in settling reporter's transcript was due to inattention or lack of interest on the part of the attorneys for both

parties. Either could · have proceeded to have the Judge settle the same under Subdivision 3, Section 7-509, I.C.A. Apparently both were content to let the matter drift from September 17, 1947, to November 10, 1947, when they stipulated for the settlement of said transcript. As to this delay, respondent cannot complain. See Dye v. Moscow State Bank, 36 Idaho 464, 212 P. 870.

There appears to have been a considerable delay, which is not explained, on the part of the Clerk in getting out the transcript on appeal after the reporter's transcript was lodged with him in the first instance. No stipulation or order for additional time was obtained. Supreme Court Rule 35 requires that transcripts of the record in civil cases be prepared by the Clerk, served on the adverse party, and filed with the Supreme Court Clerk within 60 days from delivery of copies of the reporter's transcript, when a reporter's transcript is to be included in the record, and copies of the same have not been delivered or served at the time of the filing of the praecipe. Rule 38 provides the method and ground for extension of the time limit for serving and filing the transcript under Rule 35.

Rule 39 provides:

"Failure to File Transcript in Time—Dismissal of Appeal.—If the transcript of record is not filed within the time prescribed by Rules 35 and 38, appellant or his attorney being responsible therefor, the appeal may be dismissed. Provided, however, that the appeal may be retained if appellant shall excuse such delay, or, in the absence of such excuse, the appeal may be retained upon terms imposed by the court. If any person other than appellant or his attorney is responsible for default, delay, or failure in the preparation or filing of such transcript, the court may order such person to rectify the same or show cause why he has not done so. * * *"

While the delay in this matter by the Clerk in getting out the transcript on appeal, and the delay of appellant's attorneys in serving the same on respondent's attorneys after it was prepared and certified, are not to be condoned or approved in the absence of a showing for such delay or the obtaining of stipulations or orders for additional time, nevertheless the respondent has not shown as yet any actual prejudice, and it does not appear that the delays will result in the case going over our term at Coeur d'Alene set for May 24, 1948. The last term of this Court at Coeur d'Alene was October 23 to 25, 1947, and the Clerk was not required to have the transcript on appeal lodged and served under the Rules until October 18, 1947, after which date time would have been allowed under Rule 57 for the filing of briefs.

The purpose of the Rules with reference to steps in an appeal is to require diligence on the part of appellant commensurate with respondent's right to a prompt and orderly determination of the questions raised against the judgment by the appeal.

Evans v. Humphrey, 51 Idaho 63, 1 P.2d 626.

Further, there is nothing before us to indicate that the delay in the preparation of the transcript on appeal was the result of a concerted effort by the Clerk and appellant's counsel to disregard the Rules in regard thereto, or that appellant's attorneys designedly caused the Clerk to fail to proceed diligently. Evans v. City of American Falls, 51 Idaho 89, 1 P.2d 632.

In view of the unexplained delays in the preparation and service of the transcript on appeal, we will however, reserve the right to impose terms upon appellant under Rule 39 at the time of the disposition of this case on the merits, if we should then decide the terms should be imposed.

As the third ground for dismissal, respondent claims that the judgment roll is not included in the praecipe nor in the transcript. The praecipe calls for the pleadings, the findings of the court and the decree, which papers ordinarily constitute the judgment roll under Subdivision 2, Section 7-1107 I.C.A., applicable here. Section 11-212, I.C.A., requires appellant to furnish this court with a copy of the judgment roll, and Section 11-217, I.C.A., provides that if the appellant fails to furnish the requisite papers, the appeal may be dismissed. While the praecipe does not call for the judgment roll as such, this would seem to be immaterial where it designates the papers constituting the judgment roll. So far as the transcript on appeal shows, the judgment roll is complete.

Respondent, however, in its brief indicates that the praecipe does not ask for the order bringing in Boundary County as an additional party and that the transcript does not show such order. The only showing of the existence of such an order is in the affidavit of Mr. Whitla, attorney for respondent, in support of the motion. Respondent does not show wherein such order is material to this appeal. Boundary County's answer supports respondent's allegations on the issue for which the county was apparently made a party. There is no showing by respondent that any matter necessary to support its judgment is omitted from the transcript. In addition, if respondent deems it necessary that further papers appear in the record, it can obtain the same under Rule 44 covering augmentation of the record.

The motion to dismiss is denied, subject, however, to the right to impose terms hereinabove reserved.

GIVENS, C. J., and BUDGE, HOLDEN and MILLER, JJ., concur.