LEONARD SEED COMPANY, Respondent, vs. CRARY CANNING COMPANY, Appellant.

*October 5—October 24, 1911.*

*Sales: Seeds: Refusal to warrant description: Exemption from liability.*

1. One selling an article under a designated name may by his contract of sale relieve himself from liability in case the article delivered does not answer the description contained in the contract.
2. Thus, where a contract for the sale of "Advancer" peas provided that the vendor "does not give, and its agents and employees are forbidden to give, any warranty, express or implied, as to description, quality, productiveness, or any other matter, of any seeds, delivered or to be delivered by it," there was no warranty as to description of the peas delivered.
[3. It is *not decided* that if the vendor acted in bad faith and with the intention of defrauding the vendee, or if it failed to exercise due care and caution in selecting the seed, the vendee would not have a good cause of action for the resulting damage.]

APPEAL from a judgment of the circuit court for Door county: S. D. HASTINGS, Circuit Judge.   *Affirmed.*

On February 14, 1908, plaintiff and defendant entered into a contract whereby the plaintiff agreed to sell to the defendant certain varieties of seed peas.   Among other things the plainttiff agreed to furnish 1,000 bushels of "Advancer" peas, and guaranteed seventy-five per cent. delivery.   Such peas were to be grown during the season of 1908, to be delivered after harvest, but in season for the planting trade for the year 1909.   A quantity of peas was delivered under this contract to the defendant, it giving its promissory notes in payment therefor according to the terms of the contract.   The peas so sold were in turn sold by the defendant to various farmers for the purpose of planting, and under contracts by virtue of which the farmers agreed to sell the peas raised from such seed to the defendant.   The plaintiff brought action upon the notes.   The defendant, among other things, interposed a counterclaim setting forth that the peas furnished were not "Advancer" peas; that they were received by the defendant without knowledge of that fact; that there was no means of discovering that they were not "Advancer" peas until after they had been sowed and the seed had germinated, and that as soon as the defendant discovered that the peas were not of the variety purchased it notified plaintiff.   The counterclaim further set forth that the peas were mixed with other different varieties, making it impossible to harvest them without a mixture of overripe peas of varieties other than "Advancer."   Facts are pleaded tending to show damage, and judgment is asked for the amount thereof.   On the trial the court allowed the defendant to amend its answer by setting up a new counterclaim for the purchase price of the peas.

The trial court held that the peas were sold without warranty as to quality or description, and directed a verdict for the plaintiff for the amount claimed, less $343.75.   The peas were shipped from Chicago and invoiced on the basis of fifty-

six pounds to the bushel. The court held that the defendant. was entitled to receive sixty pounds per bushel, and hence made the foregoing reduction. From a judgment in plaintiff's favor defendant appeals.

*W. E. Wagener,* attorney, and *W. L. Evans,* of counsel, for the appellant, cited, among other authorities, 24 Am. & Eng. Ency. of Law (2d ed.) 1157, and cases cited; Benjamin, Sales (6th ed.) §§ 600, 602, 605; Id. p. 636; *Stillwell & B. Mfg. Co. v. Phelps,* 130 U. S. 520, 9 Sup. Ct. 601; *Columbian I. W. & D. D. Co. v. Douglas,* 84 Md. 44, 34 Atl. 1118, 33 L. R. A. 103, 57 Am. St. Rep. 362; *Chanter v. Hopkins,* 4 M. & W. 399, 404; *Reed v. Randall,* 29 N. Y. 358, 86 Am. Dec. 305; *Ricketts v. Hays,* 13 Ind. 181; *McConnell v. Jones,* 19 Ind. 328; 30 Am. & Eng. Ency. of Law (2d ed.) 129; *Nicoll v. Modern S. S. Co.* 143 Wis. 545, 128 N. W. 72; *Jones v. George,* 61 Tex. 345, 48 Am. Rep. 280; *McCaa v. Elam D. Co.* 114 Ala. 74, 21 South. 479, 62 Am. St. Rep. 88; *Wolcott, J. & Co. v. Mount,* 36 N. J. Law, 262, 13 Am. Rep. 438.

*Henry Graass,* for the respondent.

BARNES, J. The contract for the sale of the peas contained the following provision:

"It is also understood and agreed that the party of the first part [plaintiff] does not give, and its agents and employees are forbidden to give, any warranty, express or implied, as to description, quality, productiveness, or any other matter, of any seeds, delivered or to be delivered by it, and that it is not, and will not be in any way responsible for the crops."

Counsel for the appellant admit "that plaintiff is freed by the terms of this contract from all liability as to the seed in question being good or bad, large or small, wrinkled or smooth, black or white, wormy or sound, vital or dead." But counsel argue that the peas furnished under the contract must be of the "Advancer" variety, and that plaintiff was not relieved

by its contract from liability for damage resulting from furnishing peas other than "Advancer" peas. It was practically conceded on the argument that the clause quoted was intended to exempt the plaintiff from such liability as was sought to be enforced against it under the counterclaim in this action. The concession was advisedly made. The peas to be delivered under the contract were described therein as "Advancer" peas. But the contract provided that no warranty, express or implied, was given that the peas furnished should be of the description named therein. If a dealer in seed peas can exempt itself from liability for selling bad, wormy, or dead peas to a grower, no good reason is apparent why it cannot go further and say that it will not be responsible in the event of an intermixture of other peas with the variety agreed to be furnished. Neither of the parties here is under guardianship or incompetent to contract. There is no claim that the contract signed was not the one agreed upon or that both parties did not fully understand what they were agreeing to. Plaintiff plainly undertook to relieve itself from liability in case of intermixture, and defendant agreed that it should be relieved. It is not claimed that the contract is void because contrary to public law or to public policy, and, if not, effect should be given to it. The vendee might reject and refuse to receive the peas if they were not "Advancer" peas, or it might well be that, in the event of the shipment being made in bad faith and with the purpose and intention of committing fraud upon the vendee, an action for damages for the fraud would lie, but we have no such case before us. If it be conceded that the contract is one-sided, it must also be conceded that the parties had a right to make a one-sided contract if they saw fit.

Counsel for appellant cite the following authorities to sustain the contention that, notwithstanding the agreement of the parties, there was a warranty that the peas sold would answer the description contained in the contract, or in any event that there was a breach of a condition of the contract by the failure

of the plaintiff to furnish the thing contracted for: *Josling v. Kingsford,* 13 C. B. N. s. 447; *Columbian I. W. & D. D. Co. v. Douglas,* 84 Md. 44, 34 Atl. 1118, 33 L. R. A. 103; *Shepherd v. Kain,* 5 B. & Ald. 240; *Allan v. Lake,* 18 Q. B. 560; *Wieler v. Schilizzi,* 17 C. B. 619. These cases do not hold that a party selling an article under a designated name may not relieve himself from liability in his contract of sale, in the event that the article delivered does not answer the description contained in the contract. Some very general language is used in the contracts of sale involved in the cases cited, and in some of them it might well be construed as being broad enough to extend to the description of the article, but in none of the cases has it been so construed. These cases were decided upon the theory that this general language was intended to refer to the quality of the article furnished and not to the description of the article itself. In *Taylor v. Bullen,* 5 Exch. 779, where an article was sold and the party undertook to relieve himself from liability in his contract of sale by stating that he would not be liable for "any defect or *error* whatsoever," it was held that the word "error" was broad enough to include an error in description as well as an error in quality, and that there was no liability on the part of the vendor, even though the article furnished did not answer the description of the article contracted for.

If the seller expressly refuses to warrant, there can be no excuse for raising an implied warranty. *Rodrigues ads. Habersham,* 1 Speers (S. C.) 314; *Farr v. Gist,* 1 Rich. Law (S. C.) 68; *Fauntleroy v. Wilcox,* 80 Ill. 477; *Lynch v. Curfman,* 65 Minn. 170, 68 N. W. 5.

The case of *Blizzard Bros. v. Growers' C. Co.* (Iowa) 132 N. W. 66, is directly in point. There a package was marked "Large cheese pumpkin seed" and sold as such, when in fact it contained "Connecticut pie pumpkin seed" mixed with a few squash. On the package the following warranty was printed: "While we exercise great care to have all seeds pure

and reliable *and true to name,* our seeds are sold without any warranty, express or implied, and without any responsibility in respect to the crop." There was no evidence to show that the purchaser read this warranty, but there was evidence showing that it was a general custom among seed men to sell seeds without warranty as to quality and as to true name, and such custom was held to be binding upon the purchaser. A contract deliberately entered into between two parties exempting one of them from liability in case seeds sold are not true to name should be as binding as a custom among dealers not to sell with a warranty that the seeds furnished are true to description.

As before stated, we do not hold that, if the plaintiff acted in bad faith and with the intention of deceiving and defrauding the defendant, or even if it failed to exercise due care and caution in selecting the seed, the latter would not have a cause of action for the resulting damage. No such cause of action has been stated in the counterclaim and no claim was made on the argument that any such cause of action was relied upon or existed.

The ruling of the trial court excluding testimony tending to show that the peas furnished were not "Advancer" peas was correct on the record presented. There was present but one of two elements that were necessary to constitute a cause of action. The element of bad faith was not presented by the pleadings, and no claim was made by counsel that such bad faith existed. We find no error in the record.

*By the Court.*—Judgment affirmed.