ALLEN R. KIBBE *vs.* F. C. WOODRUFF ET AL.

First Judicial District, Hartford, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

The defendants shipped a quantity of seeds of various kinds to the plaintiff pursuant to his written order on one of their printed forms, which contained their express refusal to warrant the seeds in any particular whatever. By mistake a bushel of seed corn was not sent with the rest of the order, but was afterward supplied. *Held:*—
1. That there was but one contract, the terms of which—including the defendants' refusal to warrant—applied to the seed corn as well as to all the other items of the written order; and that inasmuch as this conclusion was apparent upon the undisputed facts, the jury should have been so instructed.
2. That the express exemption from liability contained in the contract, precluded a recovery by the plaintiff, even if the seed corn delivered was, as contended, a different variety from that which he had ordered.
A verdict which is based upon erroneous instructions in a vital matter should be set aside, although logically justified by the charge as given.

Argued January 6th—decided March 5th, 1920.

ACTION to recover damages for a breach of contract in the sale of personal property, brought before a justice of the peace and thence by the plaintiff's appeal to the Superior Court for Tolland County and tried to the jury before *Burpee, J.;* verdict and judgment for the

plaintiff, and appeal by the defendants. · *Error and cause remanded.*

These facts were undisputed: On March 23d, 1916, the plaintiff ordered in writing from the defendants—who were growers and sellers of seeds for planting—a quantity of seeds of various kinds, all of which were duly delivered as ordered, except that by mistake the defendants sent a bushel of peas in place of a bushel of corn called for by the order. The plaintiff thereupon wrote to them: "You sent me some Canada peas. I ordered some Canada Field Corn, I did not order peas. I want the corn, so what shall I do with the peas, I don't want them." The defendants at once replied acknowledging the "blunder· in shipping you the one bushel of Canada Field Peas," requesting the immediate return of this part of the delivery, and promising to promptly ship in its place the corn called for by the order. All this was done, and in due course the plaintiff received what purported to be a bushel of the seed corn as originally ordered.

The plaintiff's order of March 23d, 1916, was upon a printed form of the defendants containing this statement: "We give no warranty, express or implied, as to description, quality, productiveness or any other matter of any seeds, bulbs or plants we send out, and will not be in any way responsible for the crop. If the purchaser does not accept the goods on these terms they are at once to be returned."

The parties were at issue to the jury upon the plaintiff's claim that the corn as finally delivered was of a different and more slowly maturing variety than that ordered; that the plaintiff planted it in ignorance of that fact, and that the crop was greatly injured by frost before it had matured. Damages were claimed because of the injury so incurred.

The defendants requested the court to charge the

jury that the letters of the parties concerning the defendants' mistake in delivering the peas for the corn "do not affect the terms of the agreement as it originally stood, nor can these letters be construed as making a new agreement." The court did not so charge the jury, but said to them: ". . . if you find that the contract was really made in this correspondence and respected only that one bushel of corn and that that bushel of corn was not Canada Field Corn, then you will be justified in rendering a verdict for the plaintiff to recover . . . damages."

The evidence has been certified upon the defendants' appeal from a refusal to set aside the verdict, and error is also assigned upon the court's refusal to charge as requested.

*Robert J. Woodruff*, for the appellants (defendants).

*Harry W. Reynolds*, for the appellee (plaintiff).

CASE, J.   As the case reached the jury, no question of fact necessary to determine the legal effect of the correspondence between the parties relative to the defendants' mistake in delivering peas in place of corn, remained unsettled. It was not for the jury to pass upon the meaning of the letters under these circumstances, but the question presented was one of law, and the duty to determine it rested solely upon the court. *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 479, 35 Atl. 521. The performance of this duty properly called for an instruction to the jury that the only contract in the case was that contained in the written order of March 23d, 1916, since that was the necessary legal conclusion from the conceded facts. The plaintiff's letter complaining of the mistaken delivery of the peas does not purport to launch a new contract; it

demands the fulfilment of an existing one. The subsequent delivery and acceptance of the corn were as clearly controlled by the conditions of the written order as were those items of it which had already been filled without mistake.

The defendants were entitled, therefore, to an instruction substantially as asked for. In legal effect this would, and should, have been equivalent to the direction of a verdict in their favor, since in the absence of any claim or suggestion of either fraud or negligence, the express exemption from liability contained in the contract is of controlling effect here, whether the corn actually delivered was Canada Field Corn, or some other variety. *Leonard Seed Co.* v. *Crary Canning Co.*, 147 Wis. 166, 169, 132 N. W. 902.

Although the verdict of the jury was logically justified by the instructions, as these were wrong in a matter of vital importance to the result, it was none the less the legal duty of the court to set it aside if it was unwarranted upon the proper application of the law to the evidence. *Brown* v. *New Haven Taxicab Co.*, 92 Conn. 252, 256, 102 Atl. 573.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.