LANDRETH SEED CO. v. KERLEC SEED CO.

(February 17, 1930. Opinion and Decree.)

Montgomery & Montgomery, of New Orleans, attorneys for plaintiff, appellee.

U. Marinoni, Jr., of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff, a New Jersey corporation, brings this suit against defendant, the Kerlec Seed Company, a local partnership composed of Samuel Guerrera, Peter Manguno, and John B. Baldini, for $903.96 alleged to be due as the balance of the purchase price of certain plant seeds. Defendants answered that the seeds were not as represented and claimed in reconvention the sum of $1,464.04 as damages alleged to have been sustained by it because of the breach of plaintiff's contract. There was judgment against the Kerlec Seed Company alone, and it has appealed.

In this court plaintiff's counsel filed a motion setting up that the omission of the names of the individual partners from the judgment was due to an error of the clerk below and asked that the judgment be amended so as to include these parties. On the trial of the case counsel for defendant objected to any consideration of this motion on the ground that it came too late, citing C. P. 890 and Succession of Solis, 10 La. App. 109, 119 So. 768. During argument on this branch of the case counsel abandoned his motion; consequently we are relieved from the necessity of considering it.

It is admitted that the contract covering the sale of the seeds for the purchase price of which this suit is brought, as well as the invoice and catalogue of plaintiff, contain the following disclaimer of liability:

"The D. Landreth Seed Company give no warranty, express or implied, as to description, quality, productiveness, or any other matter of any seeds they send out, and they will not be in any way responsible for the crop. If the purchaser does not accept the goods on these terms, they are at once to be returned."

It is the contention of defendant that this disclaimer cannot affect plaintiff's responsibility in the premises because of the implied warranty in all sales that the thing sold is fit for the purposes for which it is purchased. They cite Kelly vs. Lum, 75 Wash. 135, 134 P. 819, 49 L. R. A. (N. S.) 1151; Totten vs. Stevenson, 29 S. D. 71, 135 N. W. 715; Seed Co. vs. Busby, 118 Okl. 255, 247 P. 410; Davis Co. vs. Casso, 5 La. App. 565, and other authorities to this effect.

It appears that defendant ordered "Broad Leaf Flanders" spinach seed and "Lenz" beet seed, and that plaintiff shipped to defendant "Curley Top" spinach seed and "Root" or "Cattle" beet seeds. It is said that the local farmers to whom defendant subsequently sold the seeds bought by it from plaintiff would not use the substituted seeds, for the reason that the quality of spinach and beets produced from those seeds could not be sold in this market. There is much testimony in the record to this effect, including that given by truck farmers, who substantiate defendant's position in this regard. There is no doubt in our mind that defendant did not get the variety of seed which it purchased. The record indicates that there is no way of telling in advance of germination just what variety of beets or spinach seeds will produce; consequently defendants could not determine on inspection whether they had been supplied with "Broad Leaf Flanders" spinach seeds and "Curley Top" beet seeds or not.

508

However, the case turns upon the effect to be given the disclaimer of warranty in the contract. This clause, according to the evidence, is in common use in contracts in the seed business though it does not seem to have been considered by the courts in this jurisdiction. Generally speaking, there is no limitation upon parties to a contract, and they are free to enter into any stipulation, covenant, or agreement not inconsistent with public policy which may mutually be agreed upon. We see nothing in this waiver of warranty which would take it out of the general rule. In other jurisdictions it has been the subject of frequent consideration and uniformly approved. For example, in Leonard Seed Co. vs. Crary Canning Co., 147 Wis. 166, 132 N. W. 902 37 L. R. A. (N. S.) 79, Ann. Cas. 1912D, 1077, it was held that:

"No liability in damages exists because seed does not prove to be of the variety specified in the sale, where the contract provides that neither the seller * * * shall give any warranty, express or implied, as to description, utility, productiveness, or any other matter of any seeds."

Other cases cited are Bell vs. Mills, 68 App. Div. 531, 74 N. Y. S. 224; Blizzard vs. Growers' Canning Co., 152 Iowa, 257, 132 N. W. 66; Jacot vs. Grossmann, 115 Va. 90 78 S. E. 646; Seattle vs. Fujimori, 79 Wash. 123, 139 P. 866; Kibbe vs. Woodru' 94 Conn. 443, 109 A. 169; Ross vs. Northrup, 156 Wis. 327, 144 N. W. 1124. The authorities relied upon by defendant are not in point, for the reason that they do not discuss disclaimers, but general principles of warranty.

For the reasons assigned the judgment appealed from is affirmed.