; VTOSCAj'J'udge ad hoc-.
This is a.n appeal from a judgment dismissing plaintiffs’ suit oii an exception of no right or cause of action.-
Plaintiffs, A. W. Gilbert and A. J. Freeman, residents of the State of Florida,, allege that they are farmers, each engaged in farming, planting,'growing and marketing-various types of'crops and vegetables, including watermelons. They allege that defendant, Reuter Seed Company, Inc., among-its other activities, is, engaged in the selling of seeds of various kinds and types, including watermelon seeds. They further allege that defendant, in its 1953 spring catalog,, which was circulated to the public generally and to farmers in particular, set forth on page number 21 thereof, under item number 627, an advertisement of Florida Giant watermelon seeds, and an invitation to the-public and to farmers to purchase same-from defendant. They further allege that Gilbert individually and as agent and representative of Freeman, relying upon the warranties set forth in the catalog, ordered in his own name, on February 13, 1953, ten pounds of Florida Giant watermelon seed for the purpose of planting, growing, harvesting and marketing a crop of 6i^ acres on Gilbert’s land and 8 acres on Freeman’s land.
Plaintiffs further allege that defendant accepted the order and shipped the package of seed from New Orleans to Florida and that the purchase price of said seed, amounting to $17.62, was paid to- defendant. Plaintiffs then allege that they proceeded to prepare, fertilize and plant their 14-i/á acres of land with the seed with the expectation of having a crop of Florida Giant watermelons. They aver that when the crops came to maturity they "were not Florida Giant Watermelons in any manner; but were diversified, runted and inferior watermelons, with little or no market value.”
They- allege that at the -time the crop came to maturity the average market price of Florida Giant watermelons was approximately $133.50 per acre and that Gilbert *569 . should have received $867,75 for his -crop. They allege that Gilbert actually received only $23 per acre for his crop, or $149.50. They allege that Freeman should have received ,$1,068 for his crop, but that Freeman received only ;$23 per acre, or a total of $184. This suit is for, the difference between the amounts which plaintiffs say they should have received, for their crops and the amount they actually received,, or $718.25 for Gilbert and $884 for Freeman. No demand is made in this proceeding for the return of the purchase price of the seeds, amounting to $17.62.
' ‘Defendant filed exceptions of'no right or cause of action and misjoinder of parties-plaintiff. 'The district court first overruled the exception of no right or cause of action and maintained the exception of misjoinder of parties-plaintiff. After'a rehearing was granted in the -matter a pre-trial coriference was held, and the parties entered into a stipulation that the catalog and the written order for the seeds be made part of the pleadings. They further ‘stipulated 'that prior to the institution of the suit defendant tendered the return of the purchase price and that plaintiffs rejected this offer.
The catalog in question contains an advertisement of Florida Giant watermelon seeds., -The order blank, which, according to the stipulation,-, was removed from .the catalog by plaintiff in Florida and forwarded to defendant in New Orleans, contains the following non-warranty- clause:
“Notice: ‘The Reuter Seed Company, Inc., warrants to the extent of the purchase price that seeds, bulbs or plants sold are as described on the label or container within recognized tolerances. Seller gives no other or further Warranty, express or implied.’ ”
After re-^argument of the exceptions, the district judge, on the authority of Landreth Seed Co. v. Kerlec Seed Co., 1930, 12 La.App. 506, 126 So. 460, 461, maintained the exception of no cause or right of action and dismissed the suit.
In Landreth Seed Co. v. Kerlec Seed Co., supra, in which we considered a non-warranty clause similar to the one used by the defendant in this case, we held:
“However, the case turns upon the effect to be given the disclaimer of warranty in the contract. This clause, according to the evidence, is in common use in contracts;in the seed business, though .it does not seem to haye been considered by the courts in this jurisdiction.. Generally speaking, there is no limitation upon parties to a contract, and they, are free to enter into any stipulation,: covenant, or agreement not inconsistent . with .public policy which. may mutually be agreed upon. We see nothing in this waiver of warranty which would take it out of the general rule, In other jurisdictions it has been the subject- of frequent consideration and- uniformly approved. For example, in Leonard Seed Co. v. Crary Canning Co., 147 Wis. 166, 132 N.W. 902, 37 L.R.A.,N.S., 79, Ann. Cas.1912D, 1077, it was held that:
■ “ ‘No liability in' damages exists because. seed does'-not--prove to be -of the variety specified in 'the salé, where the contract provides that neither the seller . * * * shall give- any warranty, exprfess or implied, as to description, utility, productiveness, -or any other matter of any seeds.’
“Other cases cited are Bell v. Mills, 68 App.Div. 531, 74 N.Y.S. 224; Blizzard [Bros.] v. Growers’ Canning Co., 152 Iowa 257, 132 N.W. 66; Jacot v. Grossmann [Seed & Supply Co.] 115 Va. 90, 78 S.E. 646; Seattle [Seed Co.] v. Fujimori, 79 Wash. 123, 139 P. 866; Kibbe v. Woodruff, 94 Conn. 443, 109 A. 169; Ross v. Northrup, [King & Co.] 156 Wis. 327, 144 N.W. 1124. * * *”
The instant case turns upon whether this decision has been superseded by the Louisiana Seed Act adopted in 1946, Act No. 372 and now LSA-R.S. 3:1431-1448, or by the Federal Seed Act, 7 U.S.C.A. §§ 1551-1610.
Counsel for defendant contends that the Federal Seed Act applies since the order *570 in the' instant case related' to a shiprnent in interstate commerce, citing the decision of a three-judge Federal court, Ferry-Morse Seed Co. v. Corley, D.C.Miss. 1946, 94,Supp. 523, 525, wherein that court ruled:
“The Court being of the opinion that all shipments of seed into the State of Mississippi by plaintiff constitute shipments in interstate commerce within the meaning of the Federal Seed Act of August 9, 1939, 53 Stat. 1275, 7 U.S.C.A. §§ 1551-1610 and the rulés and regulations promulgated by the Secretary of Agriculture for the enforcement thereof; Ferry-Morse Seed Company et al. v. Carl Craig, State Tax Collector of the State of Mississippi, decided April 8, 1941, Civil Action No. 202; D. M. Ferry & Co. v. Hall, Tax Collector, 188 Ala. 178, 66 So. 104, L.R.A.1917B, 620; Soden & Co. v. [T. J.] Wilkinson & Son, 135 Miss. 665, 100 So. 182; Watson v. J. R. Watkins & Company, 188 Miss. 435, 193 So. 913; Lee v. Memphis Publishing Company, 195 Miss. 264, 14 So.2d 351, 152 A.L.R. 1428; and the Court being of the opinion that the said' Mississippi Pure Seed Act, as applied to the interstate business conducted by the plaintiff, constitutes an unlawful burden on interstate commerce and discriminates against interstate commerco; Lemke v. Farmers’ Grain Co., 258 U.S. 50, 42 S.Ct. 244, 66 L.Ed. 458; Shafer v. Farmers’ Grain Company, 268 U.S. 189, 45 S.Ct. 481, 69 L.Ed. 909; Grandin Farmers’ Co-op Elevator Company [of Grandin, N. D.] v. Langer, Governor, D.C.N.D., 5 F.Supp. 425, affirmed 292 U.S. 605, 54 S.Ct. 772, 78 L.Ed. 1467; Southern Pacific Company v. State of Arizona, 325 U.S. 761, 65 S.Ct. 1515, 89 L.Ed. 1915; and the Court being of the opinion that the defendants are not authorized to attempt to enforce said Act against the plaintiff * * * the Court is of the opinion that the plaintiff is entitled to the relief prayed for.”
Plaintiffs, on the other hand, contend that the provisions of the Louisiana Seed Act apply to this case.
We do not find it necessary to determine in this cáse whether the Federal or the State Seed Act applies to the order for this shipment of seed, as neither act in our opinion precludes the use of the non-warranty clause for the purpose of determining the liability in civil proceedings between the parties to the contract.
The Federal Act merely'provides that the use of a non-warranty clause shall not be a defense to a forfeiture proceeding by the government, or to a criminal prosecution. .Specifically, 7 U.S.C.A. ,§ 1574 provides:
“The use of a disclaimer or non-warranty clause in any invoice, advertising; labeling, or written, printed, or graphic matter, pertaining to any seed shall not constitute a defense, or be used as a defense in any way, in any prosecution, or in any proceeding for confiscation of seeds, brought under the provisions of this chapter, or the rules and regulations made and promulgated thereunder. * * *”
The Louisiana Seed Act likewise does not prohibit the use of the non-warranty clause to regulate the liability in civil proceedings between the parties to the contract. This Act, as the Federal Act, authorizes the Seed Commission and the Commissioner to' prescribe rules and regulations governing the sale of seeds, the labeling of seeds, the registration of seed dealers, and the issuance, suspension and revocation of seed' dealer permits. It provides for the issuance of stop-sale notices, and for seizure proceedings and criminal prosecutions.
It is specifically provided in LSA-R.S.. 3:1444 that:
“The use of a disclaimer or non-warranty clause in any invoice, advertisement, or label pertaining to seeds shall not exempt a person from the provisions of this Chapter.”
*571 Thus, -the Act does nipt prohibit .the use of the clause, but simply provides that those who use it, like those who do not use it, shall be subject to the provisions of the seed law.
The subsequent section, LSA-R.S. 3:1445, provides, among other things, that:
“No person shall: * * *
“(2) Sell, offer for sale, transport, ■or distribute any agricultural, vege- • table, or flower seeds * * * which have false or misleading labeling.
"(3) Sell, offer for sale, transport, ■or 'distribute any agricultural, vegetable, or flower seeds pertaining to which there has been false or misleading advertisement.”
LSA-R.S. 3:1446, however, makes it ■clear that these prohibitions do not apply to dealers who purchase seeds incorrectly labeled or represented by the grower. That section contains the following among other provisions:
“B. The provisions of R.S. 3:1445 ■shall not' apply:
■* ■ * * * ' ■* ■
■(4) To seeds which are incorrectly labeled or represented as to kind, variety, and origin if the seeds cannot he identified by examination; unless the person responsible for iabeling failed'to obtain an invoice' or grower’s declaration giving kind, variety, and origin.” \ ' ' '
When we construe the ’ provisions of LSA-R.S. 3:1431-1448 together, we believe it is .clear, that the use of the non-warranty is not prohibited, but its.use is not a defense to a seizure for violation: of the provisions of the act, or to a criminal prosecution, except where the seeds are handled by a dealer who himself has purchased them from á grower incorrectly labeled or rep-, resented. . ■
Our decision in Landreth Seed Co. v. Kerlec Seed Co., supra, accordingly, is not affected by either the Federal Seed Act or the Louisiana Seed Act and still represents the law of' this state.
Since no. demand is made in this case for the return of the purchase price of the seeds and no recovery may be had for the other damages claimed, the petition does not disclose' a cause of action.
The judgment of the district court is, accordingly, affirmed.
Affirmed.
■ REGAN, J., recused..