86 So.2d 252 (1956)
VON ZONNEVELD BROS. & PHILIPPO, Inc.
v.
Philip CARY.
No. 4189.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
Talley, Anthony & Johnson, Bogalusa, for appellant.
Henry N. Richardson, Bogalusa, for appellee.
*253 ELLIS, Judge.
A foreign corporation brought this suit to recover the purchase price of certain iris bulbs sold to the defendant by the plaintiff on March 14, 1951. An exception to the procedural capacity of the plaintiff was filed and referred by the trial court to the merits. The judgment makes no mention of this exception so it is considered overruled, although the appellant reurges this exception on appeal.
The defendant answered, and, assuming the position of plaintiff in reconvention, claimed damages for labor, fertilizer and loss of profit in connection with the purchase of the bulbs. To this demand and reconvention the plaintiff filed an exception of no cause and right of action and a plea of prescription. The plea of prescription was sustained by the trial court.
A trial upon the merits resulted in a judgment in favor of the plaintiff in the amount prayed for, and the defendant has appealed.
The exception of lack of procedural capacity is based upon the provisions of Louisiana Statutes Annotated 12:211, which reads:
"A. No corporation doing business in this state shall be permitted to present any judicial demand before any court of this state, unless it has complied with the laws of this state for doing business herein, and has paid all taxes, excises, and licenses due to the state. This Section shall not be construed to prevent the bringing of a cause of action against any corporation.
"B. The burden of proof shall rest upon the corporation to establish that it has complied with the laws of this state for doing business herein. The only legal evidence of such compliance shall be the certificate of the Secretary of State or a duly authenticated copy thereof."
The defendant maintains that the plaintiff is a foreign corporation actually doing business within this State, without being authorized to do so, and thus is unable to prosecute this suit against the defendant.
The defendant relies upon the case of J. R. Watkins Co. v. Stanford, 52 So.2d 325, 326, which was decided by this Court. In that case we stated:
"The question of whether or not plaintiff is doing business within this State is purely a factual one and must be determined from all of plaintiff's activities and transactions, * * *. It becomes necessary that we give an extended review of what the record discloses and our views and comments on the said record."
In the present case there is nothing in the record to show the plaintiff was doing business in Louisiana, and as the exception was overruled for reasons orally assigned we do not know upon what basis the trial court founded his ruling.
In the Stanford case the evidence showed the plaintiff was doing a substantial business in Louisiana, unauthorized, and consequently was not entitled to sue in our courts upon matters arising out of its business in this State until it had properly qualified with the Secretary of State. Apparently, there was no evidence introduced upon the exception, and finding no manifest error, we agree with the ruling of the lower court.
The petition shows the defendant was engaged in the business of planting and growing flowers of various kinds for sale; that he submitted a written order to the plaintiff, signed by himself, dated March 14, 1951, for various kinds and types of bulbs to be shipped to the defendant in the fall of 1951. This written order is annexed to and made part of the petition and reads:
"General Terms and Conditions
"(1) All goods are sold V.O.B. our Warehouse New York, N. Y., unless otherwise written on face of order, *254 and travel at purchaser's risk and expense.
"(2) Terms: Prices quoted are net. Accounts are due 60 days from date of invoice; 2% discount for payment 10 days from date of invoice; 6% interest will be charged on overdue accounts.
"(3) Complaints and claims about quality of goods cannot be entertained unless made immediately upon delivery of same.
"(4) Von Zonnevald Bros. & Philippo Inc. gives no warranty, express or implied, and will not be responsible in any way for the result of planting, forcing or flowering of any bulbs or roots they send out.
"(5) All orders accepted subject to prior sale and part delivery in case of partial or entire crop failure, or if for any reason beyond seller's control full delivery cannot be made.
"(6) By plaing orders, buyers are considered to agree with these terms. Verbal agreements are not binding."
There are further allegations that the merchandise was delivered to the defendant for the sum of $1,255, during the month of July, 1951, and that the sum of $400 was paid on the account, leaving a balance due of $855.
The answer admitted the receipt of the bulbs and the defendant reconvened for certain damages due to the fact that certain of the bulbs were not good and produced flowers with no foliage, blooming close to the ground, contrary to the representation of the plaintiff; that the bulbs were unsalable.
To this reconvention the plaintiff filed an exception of no cause and right of action and a plea of prescription, upon the basis the answer was filed more than a year after the date of the sale. The trial court sustained the plea of prescription, but in his written reasons for judgment concluded, correctly, that the plea of prescription of one year was not applicable in this case and that the defendant was entitled to his defense based upon reduction of the price on the ground of the breach of warranty. Here, as in J. B. Beaird Co., Inc., v. Burris Bros., Limited, 216 La. 655, 44 So.2d 693, 697, the buyer is not bringing the action, which would prescribe after one year from the date of the sale, provided no defects were known, but is the defendant, and when a buyer uses a demand for a reduction in the price on the ground of the breach of warranty as a defense for an action for the balance of the purchase price, the Statute of prescription is not applicable and the defense will be allowed. Our Supreme Court said in the Burris Bros. case:
"The plea of prescription is not well founded because the defendant is not using the demand for the reduction in price as a weapon of attack but using it as a shield or defense in resisting the payment of the balance of the purchase price. He is not precluded by prescription from urging this defense."
An examination of the contract clearly shows the plaintiff gave no warranty, express or implied, and would not be responsible in any way for the results of planting, forcing or flowering of any bulbs or roots which were sold. The defendant contends the bulbs sold were heated for forcing and were not the field bulbs he thought he was going to receive. The contract does not show whether the bulbs were to be forced or field bulbs. Of course, under our law, a seller is bound, without stipulation, to warrant his goods. However, it has been held not to be contrary to public policy for the implied warranty to be excluded by the contract itself. See Landreth Seed Co. v. Kerlec Seed Co., 12 La.App. 506, 126 So. 460.
In the contract under consideration it was specifically stated that the seller would not be responsible for the results of planting, forcing or flowering of any of the bulbs that were sold. The defendant *255 testified there was some verbal agreement with one of the plaintiff's agents, but this agent was not called as a witness, nor did the defendant seek to take his testimony by deposition. Further, the contract states no verbal agreements were to be binding.
Considering the written contract and the record, in light of the foregoing reasons, the judgment of the District Court is affirmed.