TATE, Judge.
This is a suit on an open account. The plaintiff (Emsco) sues for $1714. for repairs made by it on a pump owned by the defendant (Dean). Dean appeals from judgment awarding Emsco the amount claimed.
By his appeal, Dean contends: (1) the repairs were made to repair an original defect in the pump (which had been manufactured by Emsco), so therefore Dean, as purchaser of the defective pump, is not liable; (2) the trial court erred in rejecting Dean’s reconventional demand for the cost of replacing the pump’s pinion shaft, which broke subsequent to the repairs by Emsco for which recovery is sought.
We sustain neither of these contentions.
(1)
The repairs were accomplished in December, 1960. Dean had purchased the pump four years earlier.
The trial court accepted as preponderating the testimony of the plaintiff’s repairman. He testified that the complaints of “knocking” were occasioned by the pitting of a main bearing and that the cause of this pitting was poor maintenance or operating overload. The substance of this testimony is that the repairs were occasioned by a defect which developed due to poor usage after the machine’s purchase.
The defendant Dean and five present or former employees testified that the pump had knocked while operating between its purchase in 1956 and the repairs of 1960, occasioned because the pump ceased to operate. However, certain admissions in their testimony tend to substantiate the conclusion of Emsco’s witness.
For instance, the defendant’s witnesses indicated that the main bearing was not pitted during earlier inspections prior to 1960, although it undoubtedly was at the time of the 1960 breakdown. Further, evidence that the bearing was operated without lubrication shortly before the breakdown tends to indicate this as a cause of the 1960 pitting. Also, admissions as to lubrication practices over the years tend to indicate the poor maintenance ascribed by Emsco’s witness as a probable contributing cause of the 1960 pitting and breakdown.
Finally, the testimony as a whole shows that the knocking caused by the 1960 pitting could not have existed when the machine was purchased in 1956. Operating the pump with such pitting in the bearing would cause the' condition to deteriorate, *875 with a breakdown probable within 45-60 days. Also, the resultant metallic knocking would cause the machinery to heat up to high temperatures. To the contrary, the machinery operated satisfactorily and without heating for over four years.
We find no error in the trial court’s evaluation of Emsco’s testimony as preponderating. Under the evidence, the repairs for which recovery are allowed were necessitated because of defects which developed after the machine was purchased. The defendant Dean is liable for them.
(2)
In 1961, some ten months after the 1960 repairs, the pump’s pinion shaft broke. The defendant Dean reconvenes for the $1,504 cost of repairing it, plus certain other consequent damages. The trial court rejected the reconventional demand. Again, we affirm.
The evidence does not indicate any causal connection whatsoever between the 1961 break of the shaft and the 1960 repairs made by Emsco due to the deterioration of the main bearing. The shaft broke in 1961 because of fatigue cracks resulting from strains ascribed by the witnesses to several non-related causes. The break did not occur at the spot where the 1956-1960 knocking [1] had occurred. Tr. 131.
The causes of the shaft-break ascribed by these witnesses are either strain caused by overtightened belting or else strain because of the defects in the main bearing, i.e., the defects which developed in 1960 shortly before its repair. These defects may have set in motion a stress situation which continued to affect the shaft even after the bearing was repaired.
In summary, the evidence does not reflect that the shaft broke because of any redhibitory or other original defect in the pump at the time of its purchase. As applicable to such factual situation, no legal principle is cited in support of any reason why a manufacturer should be held liable for a machine breakdown resulting from operating stress some four years after the machinery was purchased second-hand* from a competitor.
Because of the foregoing factual' conclusion, we see no need to discuss the strong contention made by the plaintiff that-—even if the 1961 shaft breakdown did result from redhibitory defects—, in any event, this 1962 reconventional demand is prescribed as asserted in the present suit for repairs of a I960 breakdown resulting from non-redhibitory causes (operational stress) some four years after the 1956 purchase.[2]

*876
Decree.

Accordingly, we affirm the District Court’s judgment for the plaintiff in the amount prayed for, as well as its rejection of the defendant’s reconventional demand. The defendant-appellant is to pay the costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied; CULPEP-PER, J., recused.

. The evidence of Emsco’s repairman and the defendant’s 1957 correspondence tend to indicate (although there is some impressive testimony to the contrary) that the pre-1960 knocking was a non-harmful “fluid” knocking occasioned by certain operational practices. This is to be distinguished from the “metallic” knocking which resulted in the 1960 breakdown, which (according to the preponderant testimony) will cause rapid deterioration of the machinery because of the repeated stressful contact between moving parts. However, by reason of our finding in (1) above, it is immaterial to the decision of this suit just what was the actual cause of the 1956-60 knockings.

. Redhibitory actions are ordinarily prescribed unless suit is brought within a year of the sale. LSA-C.C. Art. 2534. Although the prescription will not bar redhibitory damages from being used as a defense against a suit for the sales price of the object sold (LSA-C.C.P. Art 424; J. B. Beaird Co. v. Burris Bros., 216 La. 655, 44 So.2d 693; Charter Company, Inc. v. Mercante, La.App. 1 Cir., 186 So.2d 430), it does nevertheless bar such damages as being used after the prescriptive year, by reconventional demand or otherwise, to defend against a suit founded upon causes of action other than for the price of the thing sold (Comment (b), second paragraph, LSA-C.C.P. Art. 424; Rapides Grocery Co. v. Clopton, 171 La. 632, 131 So. 734; Crowley Grain Drier v. Fontenot, La.App. 3 Cir., 132 So.2d 573).