BARNETTE, Judge.
Plaintiff, D. H. Holmes, Company, Ltd., brought suit against Roby V. Smith, Jr., doing business as E. & F. Construction Company, to recover the sum of $1,598.24 representing the alleged balance due plaintiff for carpeting, drapery and other articles of furniture sold to defendant for use in his motel located in the City of New Orleans. Defendant answered with a general denial and then sought by reconven-tional demand the sum of $3,900 representing the amount paid plaintiff for the carpet installed in the motel which defendant alleges is defective and subject to a redhib-itory vice. After trial on the merits, judgment was rendered in favor of plaintiff on the main demand in the sum of $1,598.24, plus interest and costs. Judgment was further rendered in favor of plaintiff dismissing defendant’s reconventional demand. Defendant appeals from this judgment.
In his reasons for judgment, the trial court judge stated:
“D. H. Holmes Company sold and delivered certain merchandise to the defendant, included in which were many square yards of carpeting which Holmes also contracted to lay in defendant’s motel. Defendant paid for all of the merchandise purchased, except the sum of $1,598.24 for which amount plaintiff has brought suit.
“Defendant’s position is that the carpeting was defective, not properly put down, and that it did not last for the period guaranteed, therefore, defendant not only prayed that plaintiff’s suit be dismissed but that it have judgment in its favor for the total cost of the carpeting. (There appears to be no dispute as to the other merchandise purchased).
“It is incumbent upon the defendant to prove its contention by a preponderance of competent, admissible evidence. This, in the opinion of this Court, the defendant has failed to do.
“No substantial proof has been offered to prove that plaintiff’s representative guaranteed the carpeting for any period of time. It would appear to the Court that inasmuch as the life of carpeting would depend upon the amount of wear to which it was put, it would be unreal to believe that anyone would guarantee carpeting put down in a motel for any given number of years.
“As to the different quality of the carpeting, the testimony shows that defendant was submitted samples and whether or not he selected the carpeting merely because of the colors is immaterial. He had ample opportunity to examine the quality of each sample, and he knew that the carpeting was priced differently, and he could hardly have expected the lower-priced carpeting to stand the wear in the same manner as would the more expensive carpet. The maxim of ‘caveat emptor’ would certainly be applicable here.
“Inasmuch as defendant contends that he discovered defects within a year of the date of the sale of the carpeting, defendant’s remedy was to sue for redhibition of the sale and to return the carpeting to plaintiff. This he did not do.
“As to the defectiveness of the carpeting, because it now shows splitting and tearing, defendant’s own expert witness has testified that he would not ‘know what caused the rips.’ He did not testify that in his opinion the carpeting was defective, nor did any other witnesses so testify. Nor has defendant produced in Court the carpeting which he claims to have had replaced.
“Defendant readily admits that after Hurricane ‘Betsy’ he was anxious to have his rooms carpeted as soon as the water which had covered the carpeting had receded, and he chose to have Holmes do the work because they had *161 agreed to do it promptly. He further knew, or should have known, that there was not an abundant supply of materials of all types at that particular time.
“Plaintiff’s expert witness has testified that the nail stripping on which the carpeting is fastened showed that the nails had rusted and had become loosened from the cement, due to excessive moisture. In view of the excessive amount of water to which the motel had been subjected during and following the hurricane, it would seem reasonable to presume that there would be moisture for some time thereafter, and that the ripping and tearing of the carpeting could have resulted from this condition. However, as heretofore set forth, defendant has not shown with that preponderance of evidence necessary to substantiate its contention — that the carpeting was defective, or that it was not properly installed, or that it was guaranteed to last for any length of time, under the prevailing conditions.
“For the reasons herein set forth there will be judgment herein in favor of plaintiff and against defendant for $1,-598.24 with interest and costs. There will be further judgment herein dismissing the reconventional demand of the defendant.”
In his specifications of errors to this court defendant contends that the trial court erred in its application of the law of redhibition by stating that defendant should have instituted suit within one year for the return of the purchase price and should have offered to return the defective carpeting. We think the appellant has misinterpreted the meaning of the trial judge’s comment about the failure of defendant to bring a suit in redhibition within one year. The trial judge did not hold that the defendant could not plead redhibi-tory vices as a defense to the suit for payment of the purchase price brought more than a year after purchase of the carpet. This is clearly settled in our jurisprudence and the trial judge did not mean to imply otherwise. J. B. Beaird Co. v. Burris Bros., 216 La. 655, 44 So.2d 693 (1949); Continental-Emsco Co. v. D & D Drilling Co., 201 So.2d 873 (La.App. 3d Cir. 1967); Charter Company v. Mercante Floor Covering, 186 So.2d 430 (La.App. 1st Cir. 1966); Von Zonneveld Bros. & Philippo v. Cary, 86 So.2d 252 (La.App. 1st Cir. 1956); Capella v. Taulli, 53 So.2d 271 (La.App. Orleans 1951). The point of the trial judge’s comment about the failure of the defendant to bring an action in redhibition when the alleged defects became known to him within a year was that such failure was a circumstance to be considered in determining if the defendant proved his defense of defective carpets.
Defendant further urges that the trial court erred in its holding that defendant failed to prove by a preponderance of the evidence that the carpeting was defective or that it had been installed improperly. This is a fact question.
We have no doubt that the carpet did not hold up and give the service which the defendant had a right to expect. We believe his testimony that he made many complaints about the carpet failure but we can find no error in the trial judge’s conclusion that the defendant failed to establish by a clear preponderance of the evidence that the failure was because of red-hibitory vices.
The trial judge found as a fact that the defendant’s expert witness could not say that the carpet was defective. There was much speculation among the witnesses as to what might have caused the conditions of which defendant complained. There was no manifest error in holding, in the light of this uncertainty and speculation, that the defendant failed to carry the burden of proof of his defense.
For the foregoing reasons, the judgment is affirmed at appellant’s cost.
Affirmed.